# WILLIAM W. BIERCE, LIMITED, A CORPORATION, v. HUTCHINS.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF HAWAII.

, No. 212.　Argued March 20, 21, 1907.—Decided April 8, 1907.

In an appeal from the Supreme Court of the Territory of Hawaii, tried by the court of first instance without a jury, where the Supreme Court of the Territory reversed the conclusions of law, but took the finding of fact as true, and those findings are not open to dispute, but the question for decision is definite and plain, there is no need to send the case back for a statement of facts by the Supreme Court of the Territory, although one should have been made.

Election is simply what its name imports; a choice shown by an overt act between two inconsistent rights either of which may be asserted at the will of the chooser alone. Transfer is different from election and requires acts of a different import on the part of the owner and corresponding acts on the part of the transferee.

The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt.

The absolute liability for the price and putting that liability in the form of a note are consistent with the retention of title until the note is paid; and, in the absence of statute, a stipulation that the sale is conditional and the goods remain the property of the seller, until payment of a note given for the price is lawful and enforceable in replevin even where, as in this case, possession was given and additional security of mortgage bonds was required.

16 Hawaii, 717, reversed.

THE facts are stated in the opinion.

*Mr. Charles H. Aldrich*, with whom *Mr. Henry W. Prouty* and *Mr. Henry S. McAuley* were on the brief, for appellant:

The findings of fact by the trial court were adopted by the Supreme Court of the Territory, though different legal conclusions were held to follow from such facts. This is equivalent to a special finding by the Supreme Court. *Stringfellow* v. *Cain*, 99 U. S. 610; *Harrison* v. *Perea*, 168 U. S. 311, 323, and cases there cited.

Appeal and not writ of error was proper because of the provisions of the act of April 7, 1874, 18 Stat. 27. *Story* v. *Black,* 119 U. S. 235; *Idaho Improvement Co.* v. *Bradbury,* 132 U. S. 509; *Gregory Consolidated Min. Co.* v. *Starr,* 141 U. S. 222.

The doctrine of election, whether on the common law or equity side of the court, depends not upon technical rules, but upon principles of equity and justice, and upon actual intention. *Watson* v. *Watson,* 128 Massachusetts, 152, 155; *Standard Oil Co.* v. *Hawkins,* 74 Fed. Rep. 395.

No rights of third parties are involved. The property was in the custody of a court of equity. The attorney said to have made the election was acting for other creditors who, with a creditors' committee and the approval of the court, were carrying on the business of the insolvent debtor. Replevin would have made these plans impossible. The attorney swears he had no intention of making an election, and the facts show he could not have had, if exercising sound judgment. In such a case the party is not held to an election. *Johnson-Brinkman Commission Co.* v. *Mo. Pac. Ry. Co.,* 126 Missouri, 344; *Wells* v. *Robinson,* 13 California, 134; *In re Van Norman,* 41 Minnesota, 494, 496; *Garrett* v. *Farwell Co.,* 199 Illinois, 436, 440.

Even where there are inconsistent rights the question of the conclusive effect of an election depends upon whether the rights of third parties have intervened. If so, the election is conclusive. If not, it is not conclusive. *Dickson* v. *Patterson,* 160 U. S. 584, 592; *Campbell Printing Press Mfg. Co.* v. *Rockaway Publishing Co.,* 56 N. J. L. 676; *Standard Oil Co.* v. *Hawkins,* 74 Fed. Rep. 395.

The cases cited in the opinion of the court below and relied upon involved the rights of third parties taking without notice. *Lehman* v. *Van Winkle,* 92 Alabama, 443; *Van Winkle* v. *Crowell,* 146 U. S. 42.

If the party does not in fact have two inconsistent rights, and merely attempts to assert a right he does not have, but supposes he has, and without obtaining any legal satisfaction

therefrom, he is not precluded from asserting his actual right. *Snow* v. *Alley*, 156 Massachusetts, 193, 194, 195, and cases cited; *Watson* v. *Watson*, 128 Massachusetts, 152, 155; *Fuller-Warren Co.* v. *Harter*, 53 L. R. A. 603, 606; *In re Norman*, 41 Minnesota, 494, 496.

*Mr. David L. Withington* and *Mr. Aldis B. Browne*, with whom *Mr. Alexander Britton*, *Mr. John W. Cathcart* and *Mr. William R. Castle* were on the brief, for appellee:

The transaction did not constitute a conditional sale.

The device of attempting a contradiction in terms by apparently retaining the title in the vendor and then giving to the vendee not only the indicia of ownership but also powers which are inconsistent with the retention of title has been long the subject of judicial reprobation, and the rule is well settled that although there may be an express agreement that title is to remain in the vendor until the performance of some condition, the contract will be construed as an absolute sale where the other circumstances of the case indicate that the parties so intended. *Herryford* v. *Davis*, 102 U. S. 205; *Andrews* v. *Colorado Savings Bank*, 20 Colorado, 313; *Mining Co.* v. *Lowrey*, 6 Montana, 288; *Aultman* v. *Silpa*, 85 Wisconsin, 359; *Palmer* v. *Howard*, 72 California, 293.

From its decisions it would appear that the rule laid down by this court is that a conditional sale should not be inferred, but that where the intent to preserve the title in the vendor is clear and there is nothing inconsistent therewith in the transaction, particularly if the right to possession is reserved, then the condition will be maintained. *Ark. Valley Co.* v. *Mann*, 130 U. S. 69; *Chicago Ry. Equipment Co.* v. *Merchants' Bank*, 136 U. S. 268.

The entire agreement, with the construction put upon it by the parties, and the circumstances which surround it, show that it was not the intention or agreement of the parties to reserve the title; and that the terms of the agreement, the construction put upon it by the parties and the circumstances

which surround the agreement are all inconsistent with such theory.

Taking the mortgage bonds as security was inconsistent with the retention of title in the plaintiff. Acting with full knowledge of all the circumstances plaintiff has no right to complain if its agreement is less remunerative than if the bond-holders had joined with the company in making a contract. *Toledo R. R. Co.* v. *Hamilton*, 134 U. S. 296.

As a bondholder it is estopped from asserting that the mortgage does not cover all the property and rights which it professes to cover, that the rolling stock as well as the superstructure and fixtures of the road as it came into existence become instantly attached to and was covered by the mortgage. *Galveston R. R. Co.* v. *Cowdrey, ubi supra.*

Taking the mortgage which presumably warrants that the title is in the Kona Company, is clearly inconsistent. Cases *supra* and *Austin* v. *Hamilton*, 96 Georgia, 759; *McCormick Harvester Co.* v. *Lewis*, 52 Kansas, 358.

The delivery of the property and its use without claim of title for two years is inconsistent with the claim of the vendor's retaining title.

The mere delivery of the property itself has been held presumptive evidence of the waiver of the condition. *Peabody* v. *McGuire*, 79 Maine, 572; *Farlow* v. *Ellis*, 15 Gray, 229.

And the granting of additional time was such a waiver. *Cole* v. *Hines*, 81 Maryland, 476; *Hutchins* v. *Munger*, 41 N. Y. 155.

How much more is the definite intention that the property should be incorporated into the plantation, should come under the security of a mortgage being negotiated at the same time, and the security of which mortgage was taken to secure the purchase price.

Mr. Justice Holmes delivered the opinion of the court.

This is an appeal from a decision upon a bill of exceptions

in a case tried by the court of first instance without a jury. *Hecht v. Boughton,* 105 U. S. 235. The facts were found by the trial court and certain conclusions of law were stated, which the Supreme Court of the Territory held to be wrong. It sustained the exceptions upon one point which went to the root of the plaintiff's cause of action, and, upon the plaintiff's motion, coupled with a statement that it would have no further evidence to present at a second trial, ordered a judgment for the defendant, in order that the case might be brought to this court. The findings of fact were taken to be true by the Supreme Court and are not open to dispute, except so far as they depend upon rulings of law, so that the questions for decision here are definite and plain, and there is no need to send the case back for a statement of facts by the Supreme Court, although one should have been made. *Stringfellow* v. *Cain,* 98 U. S. 610; *Harrison* v. *Perea,* 168 U. S. 311, 323.

The suit was replevin for certain rails, cars, engines and goods, delivered by the appellant to the Kona Sugar Company, Limited, and sold by a receiver of that company to the appellee with full notice of the appellant's claim. Originally there was a contract for the sale of this property for cash, but the Kona Company having failed to pay, the appellant offered certain "terms in settlement of the contract" previously made, as follows: "We will take in settlement of this contract the sum of $10,000, U. S. gold coin, and the promissory note of the Kona Sugar Company Limited for the sum of $37,044.53 in favor of William W. Bierce, Limited, payable six months after date at the Whitney National Bank in New Orleans, bearing interest at the rate of seven and one-half per cent. ($7\frac{1}{2}\%$) per annum and secured by First Mortgage Bonds of the Kona Sugar Company, Limited, of par value equal to the note, said bonds being a portion of a duly authorized issue not exceeding $200,000. This offer is conditioned upon its acceptance by you, payment of the money and the delivery of the note, with collateral, before 4 P. M. on Thursday, March 14th, A. D. 1901.—Upon such payment being made to us before

the hour named, we will deliver to you the bills of sale authorizing you to take charge of the rails, locomotives, cars, scales and other materials now awaiting delivery, upon the express condition and understanding that said rails, locomotives, cars, scales and other materials are and shall remain the property of William W. Bierce, Limited, until the full payment of the note above described, according to its terms." This offer was accepted, this contract took the place of that previously made, and the property was delivered.

For purposes of decision the Supreme Court assumed that, under the foregoing instrument, the passing of title was subject to a condition precedent, but intimated that the majority of the court thought otherwise, if it had been necessary to decide the point. It was not necessary because the court was of opinion that, if there was such a condition, it was lost by what was considered an election on the plaintiff's part. The court below had found that there was no election, and therefore the question was and is whether the acts done by the appellant constituted one as matter of law. If not, then it must be considered whether the sale was on a condition precedent, and those are the two questions of law in the case.

The facts are simple. After the last contract was made the Kona Company got into trouble and a receiver was appointed. The appellant thereupon filed a claim of lien upon the railroad supposed to belong to the Kona Company, for materials used in the construction and equipment of the road, the materials referred to being the property in question. On or about August 1, 1902, it brought a suit to enforce this lien and in November of the same year filed a petition in the Kona Company proceedings asking that a decree already made for the sale of all the Kona Company's property should be modified so as to except all liens from the operation of the sale. Only a part of the property was used in the construction of the road and under any circumstances the claim of a lien would have been bad. The lien suit was dismissed, before anything had been done in it, in January, 1903. On February 13, the ap-

pellant, by leave of court, filed a petition in the Kona Company
proceedings for an order that the receiver either should pay
the amount due upon its note or deliver the property, setting
up the contract and alleging that its title to the property still
remained.   The abortive lien proceedings constitute the elec-
tion that is supposed to have brought the appellant's title to
an end.   We have not gone into further particulars because
there can be no doubt that to claim a lien upon anything is
inconsistent with asserting a title to it, and may be assumed
to be sufficient to manifest an election if one is possible.   The
appellant's allegations in its first petition could give no addi-
tional strength to its choice.

   Election is simply what its name imports; a choice, shown
by an overt act, between two inconsistent rights, either of
which may be asserted at the will of the chooser alone.   Thus,
"if a man maketh a lease, rendering a rent or a robe, the lessee
shall have the election."   Co. Lit. 145a.   So a man may
ratify or repudiate an unauthorized act done in his name.
*Metcalf* v. *Williams*, 144 Massachusetts, 452, 454.   He may
take the goods or the price when he has been induced by fraud
to sell.   *Dickson* v. *Patterson*, 160 U. S. 584.   He may keep
in force or may avoid a contract after the breach of a condition
in his favor.   *Oakes* v. *Manufacturers' Ins. Co.*, 135 Massachu-
setts, 248, 249.   In all such cases the characteristic fact is
that one party has a choice independent of the assent of any
one else.   But if a man owns property he has no election to
transfer it to another.   He cannot make the transfer unless
the other assents.   And equally, if he owns property subject
to be divested by the performance of a condition, he has no
election to divest it without performance.   The other party
must assent.   Transfer is very different from election, and
requires acts of a different import on the part of the owner,
and corresponding acts on the part of the transferee.

   In the case at bar there is no pretense that the appellant's
conduct purported to convey the property to the Kona Com-
pany in advance of the performance of the stipulated condi-

tions. The case stands on election alone, and the appellant had no right to elect in the sense of the argument. It could not obliterate the condition and leave the contract in force. It may be that it had an election to avoid the contract altogether, but, if so, it did not attempt to do it. It insisted on the contract as the ground of its claim to a lien for the price of the goods. The election supposed and relied upon is an election to keep the contract in force, but to leave out the reservation of title. It must be kept in mind that the effect attributed to the assertion of the lien is attributed to it as a strictly unilateral act, not as an offer to which an assent might be presumed. As such an act the appellant could not give it the supposed effect. It is quite true, as we have said, that the assertion of a lien is inconsistent with the assertion of a title, *Van Winkle* v. *Crowell*, 146 U. S. 42, and, therefore, if a lien had been established by judgment or decree, the title would be gone by force of an adjudication inconsistent with its continuance. But the assertion of a lien by one who has title, so long as it is only an assertion and nothing more, is merely a mistake. It does not purport to be a choice, and it cannot be one because the party has no right to choose. The claim in the lien suit, as was said in a recent case, was not an election but an hypothesis. *Northern Assurance Co.* v. *Grand View Building Assoc'n*, 203 U. S. 106, 108. The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt. *Snow* v. *Alley*, 156 Massachusetts, 193, 195.

There remains the question whether the sale was conditional. Such sales sometimes are regulated by statute and put more or less on the footing of mortgages. With the development of its effects there has been some reaction against the Benthamite doctrine of absolute freedom of contract. But courts are not legislatures and are not at liberty to invent and apply specific regulations according to their notions of convenience. In the absence of a statute their only duty is to discover the

meaning of the contract and to enforce it, without a leaning in
either direction, when, as in the present case, the parties stood
on an equal footing and were free to do what they chose.

The contract says in terms that it is conditional and that
the goods are to remain the property of the seller until payment
of the note given for the price. This stipulation was perfectly
lawful. *Harkness* v. *Russell*, 118 U. S. 663. So that the only
question is whether any other provision of the contract is
inconsistent with this one or qualifies and explains it as intended
to do less than it purports to do when taken alone. *Chicago
Railway Equipment Co.* v. *Merchants' National Bank*, 136
U. S. 268. The fact that possession was to be and was de-
livered, and that it must have been contemplated that the
rails would be put down upon a roadway no doubt assumed,
it seems, wrongly, to belong to the Kona Company, had no
such effect, as between vendor and vendee. Neither did the
requirement of additional security in the form of first-mort-
gage bonds of the company. It may have been expected that
the mortgage would embrace a part or the whole of this property,
but there is nothing more common than a provision in a mort-
gage that it shall apply to and embrace after-acquired property,
with sufficient description to ascertain the same and bring it
within the mortgage when acquired. And if the mortgage
would have been operative at once by way of estoppel in favor
of third persons, there was the more reason for exacting an
interest under it to save the vendor's rights in that event.
Of course the absolute liability for the price, and putting that
liability in the form of a note, are consistent with the retention
of title until the note is paid. Parties can agree to pay the
value of goods upon what consideration they please, *White*
v. *Solomon*, 164 Massachusetts, 516, and when a purchaser
has possession and the right to gain the title by payment,
he cannot complain of a bargain by which he binds himself
to pay and is not to get the title until he does.

It was suggested that the ratification of the contract by the
Kona Company did not mention the condition. But it got

its rights from the contract and, of course, got only such rights as the contract gave. Some other subordinate suggestions were made, but we have disposed of the only questions that are open here.

*Judgment reversed.*