WARRINER *v*. FANT.

[74 South. 822, Division B.]

1. ELECTION OF REMEDIES. *Finality of choice.*

   The general rule as to the election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with knowledge of the fact, makes deliberate choice, then he is estopped from resorting to the other remedy.

2. ELECTION OF REMEDIES. *Right to elect.*

   Where a creditor had the election of proceeding by attachment and garnishment and the coexistent right to join in a creditor's bill and the appointment of a receiver and elected to pursue the latter course, he must stand by his choice of remedies and cannot later institute individual attachment proceedings against his debtor.

APPEAL from the circuit court of Coahoma county.
HON. W. A. ALCORN, Judge.

Suit by Ellengton M. Fant against B. R. Warriner,
receiver. From a judgment for plaintiff, defendant ap-
peals.

The facts are fully stated in the opinion of the court.

*W. H. Kier* and *W. J. Lamb,* for appellant.

We respectfully submit in this case that E. M. Fant by
joining with the other complainants in a suit in equity to
have a receiver appointed to take charge of the assets
and property and money belonging to the Tishomingo Tie
and Stone Company and M. W. Cozart and G. T. Ed-
wards, *et al,* thereby elected to pursue his remedy in the
said court of equity and this suit in the chancery court
of Tishomingo county, Mississippi, having proceeded to
judgment thereon, the appellee here is bound thereby,
and B. R. Warriner, as receiver, is entitled to have pos-
session of the hereinbefore mentioned funds in the two
banks at Clarksdale, Mississippi.

It would be inequitable to permit the appellee here
to obtain in any such manner as is attempted by his
attachment suit in the circuit court of Coahoma county
any priority or preference over the other creditors of
the Tishomingo Tie and Stone Company, *et al.,* and over
the other complainants who joined with him in the prose-
cution of the suit in the chancery court of Tishomingo
county, Mississippi wherein the appointment of said
receiver was obtained. 25 Cyc., p. 260. (d) page 262 and
page 265; *Merchantile Realty Co.* v. *Stetson,* 120 Iowa,
324, 94 N. W. 859, 25 Cyc., page 266.

We therefore respectfully submit that the appellee
here, with full knowledge of all the fact, by becoming a
party to the suit in the chancery court of Tishomingo
county, thereby elected to pursue his remedy in the said
court of equity, which election was binding upon him,
and upon the intervention of the receiver in the cause in

the circuit court of Coahoma county, the appellee here should have been compelled to abandon the same and the funds in the two Clarksdale banks should have been by order of that court direct to be turned over to the said receiver, that this case should be reversed and remanded and order entered here directing the said funds in the said two banks paid over to B. R. Warriner, receiver, etc.

*Maynard & Fitzgerald,* for appellee.

In our opinion, there is no question in this case of election of remedies. "The doctrine of election depends not upon technical rules, but upon the principles of equity and justice. There must be some distinct and unequivocal act evincive of a choice." *Madden* v. *Railway Co.,* 66 Miss. 258. "The doctrine of election of remedies only applies where a party who has elected to pursue one of two inconsistent remedies is thereafter estopped to pursue the others." *Watson* v. *Perkins,* 88 Miss. 64.

It does not seem to us that Mr. Fant by asking for a receiver waives any priority of attachment lien. For instance, he might have had a mortgage on some of the property of the Tishomingo Tie & Stone Company and the fact that he joined in the action for a receiver certainly does not mean that he waives that mortgage right. In other words, one asking for a receiver merely asks that a receiver be appointed to gather together the property and see that none of it is wasted until all claims can be properly presented. The mere appointment of a receiver does not change the *status* of any claims whatever. Besides that, one may pursue equitable and legal remedies at one and the same time until one of the other brings results and neither one of these remedies is in direct opposition to the other until some final conclusion is reached in one case or the other, in which event of course the case so decided would be *res adjudicata.*

"A waiver or abandonment of the attachment lien is not shown by the conduct of an attaching creditor in joining in a proceeding to have the debtor declared insolvent and a receiver appointed." *Bertz* v. *Turner*, 102 Cala. 672, 36 Pacific, 1014.

"Merits not determined and rights and liens not affected by appointment. The appointment of a receiver vests in the court no absolute control over the property and no general authority to displace vested contracts liens, and while a receiver will be appointed only on the application of one who appears to have an interest in the subject-matter, yet when the appointment is made a receiver is a mere officer of the court, and the appointment creates no lien in favor of any of the parties applying for it and gives no advantage or preference to such parties over other claimants to the property; it does not determine the rights of the parties, or even affect them except so far as it preserves and retains control of the property to answer the final judgment." 34 Cyc., p. 180, Title "Receivers."

"Priority and lien." "The lien acquired by a creditor by a judgment, or by a judgment and execution placed in the hands of the officer, or by the levy of an execution or attachment, cannot be destroyed by the subsequent appointment of a receiver of the debtor's estate." 34 Cyc., 228, Title Receivers.

Both equity and the law give advantage to the diligent. Had the appellee delayed in levying his attachment, the chances are that the money which was deposited in the banks would have been drawn out before the appointment of a receiver three days afterwards. The money then would have been lost both to appellee and to the creditors. Surely appellee by his diligence in attaching the money and receiving it is entitled to his priority of lien.

114 Miss.—12

Cook, P. J., delivered the opinion of the court.

This action was begun in the circuit court of Coahoma county by Ellington M. Fant appellee, to recover certain money on deposit to the credit of the Tishomingo Tie & Stone Company. An attachment was sued out by Mr. Fant against the Tie & Stone Company, and garnishments were served on the Bank of Clarksdale and the Planters' Bank. B. R. Warriner, receiver of the Tishomingo Tie & Stone Company, intervened, claiming that he, as receiver, was entitled to the funds on deposit in the banks for the benefit of the creditors of the insolvent Tie & Stone Company. The case was submitted on an agreed statement of facts, and the circuit court decided that Mr. Fant, and not the receiver, was entitled to the aforesaid funds on deposit, from which judgment the receiver prosecuted this appeal.

The agreed statement of facts is in these words, viz.:

"It is admitted that the Tishomingo Tie & Stone Company was before the receivership herein an alleged corporation organized by W. M. Cozart, Geo. W. Edwards, and others, for the sole purpose of defrauding stockholders and the general public and of stealing and converting any and all funds which came into its hands to the use of the said Cozart, Edwards, and others, and that all sums procured by said corporation, or any members thereof, for the purchase of stocks was fraudulently procured, and that said money should be returned to the creditors, either through the hands of the receiver or otherwise, as the court may decide.

"It is further agreed that Ellington M. Fant paid into said corporation, through its agent W. M. Cozart, the sum of one thousand eight hundred dollars, and that said corporation is now indebted to the said Ellington M. Fant in a sum in excess of one thousand dollars.

"It is further agreed that the said Ellington M. Fant, on or about the 21st day of January, A. D. 1914, employed Gerald Fitz Gerald as his agent and attorney in fact

to procure for him, the said Ellington M. Fant, by any means which he, the said attorney, could a return of the said money.

"It is further agreed that on or about the 22d day of January, A. D. 1914, the said Ellington M. Fant, after having employed the said Gerald Fitz Gerald, made a trip to Corinth, Miss., and Tishomingo, Miss., to ascertain, if possible, the condition of the corporation known as the Tishomingo Tie & Stone Company, above named, and that while there, upon the solicitation of other creditors, the said Ellington M. Fant did on or about the 29th day of January, A. D. 1914, allow his name to be joined with other creditors of the said Tishomingo Tie & Stone Company, to an original bill in the chancery court of Tishomingo County, Miss., asking for a receiver of the said Tishomingo Tie & Stone Company, said case being styled E. Fant and Others v. The Tishomingo Tie & Stone Co., and Others, and being No. 739 on the docket of the said chancery court.

"It is further agreed that said original bill in said chancery court was first taken to Hon. Claude Clayton, a circuit judge, who ordered issuance of a writ of injunction on January 29, 1914, enjoining any and all persons having funds belonging to the said Tishomingo Tie & Stone Company, from paying the same out or disposing of them in any way until further order of the court, and said injunction was issued January 31, 1914, but that no receiver was appointed under said bill, and that although the said *fiat* was signed by said judge on January 29, 1914, the said original bill was not filed in the chancery clerk's office until January 31, 1914; and that said writ of injunction was served on the Planters' Bank, of Clarksdale, Miss., and the Bank of Clarksdale, of Clarksdale Miss., on the 2d day of February, A. D. 1914.

"It is further agreed that upon the prayer in said original bill the chancellor of said chancery court at Corinth, Miss., did on the 2d day of February, 1914, appoint B. R. Warriner receiver of the said Tishomingo

Tie & Stone Company, and he is now duly and legally qualified and acting receiver of said company.

"It is further agreed that on the 31st day of January, 1914, the said Gerald Fitz Gerald, as agent and attorney of Ellington M. Fant, served a good and valid writ of attachment on the Planters' Bank of Clarksdale, Miss., and the Bank of Clarksdale, of Clarksdale, Miss., except the said receiver may now have prior right thereto, if any, the court should now hold attaching all funds in their hands belonging to the said Tishomingo Tie & Stone Company, W. M. Cozart, Secretary and Treasurer, or Geo. E. Edwards.

"It is further agreed that the said banks had at said dates the following amounts in their hands, to wit: The said Bank of Clarksdale had in its hands to the credit of W. M. Cozart, secretary and treasurer, the sum of eight hundred and seventy-seven dollars and eighty-five cents; and the said Planters' Bank had in its hands the sum of one hundred and twelve dollars and sixty-five cents to the credit of G. T. Edwards.

"It is agreed that said money belonged to and was the property of the Tishomingo Tie & Stone Company, on the date when the same was attached.

"It is further agred that the said banks both made answer in the said attachment suit and in the said chancery court, stating all the facts known to them, and stating that the writ of injunction, as above stated, was served on the 2d day of February, A. D. 1914, and that the said attachment above set out was served on them on January 31, 1914.

"It is further agreed that the sole question involved in the trial of this cause is at to whether or not the rights of the receiver take precedence over the rights of the said Ellington M. Fant."

There is no question of actual bad faith in this case. It appears from the agreed statement of facts that Mr. Fant procured the appointment of a receiver for the insolvent Tie & Stone Company. The bill was filed by him

and other creditors. In good faith all of the parties to the application for a receivership pooled their interests. They engaged in the joint enterprise of conserving the assets of the insolvent debtor for the joint benefit of all.

The general rule as to the election of remedies is that, where a party has a right to choose one of two or more appropriate, but inconsistent, remedies, and, with knowledge of the facts, makes deliberate choice, then he is estopped from resorting to the other remedy.

Mr. Fant, in this case, had a perfect right to rely upon his own foresight and initiative and thereby secure a preference over other creditors. He had the election of proceeding by attachment and garnishment, and he had the coexistent right to join in a creditor's bill and the appointment of a receiver. He elected to pursue the latter course, and we think he must stand by his choice of remedies.

"Election is simply what its name imports, a choice shown by an overt act between two inconsistent rights, either of which may be asserted at the will of the chooser alone." *Bierce* v. *Hutchins,* 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828.

From our standpoint, when Mr. Fant secured a preference by the attachment and garnishment proceedings, his action was inconsistent with his former action. There are elements of estoppel in the doctrine of election. The intervening rights of his co-complainants in the receivership may be seriously affected by the attachment. As before stated, it is not claimed that Mr. Fant was guilty of any actual bad faith. However, it must be obvious that one creditor might induce other creditors to sleep on their rights by inducing them to apply for a receiver or by joining with them in an application for the appointment with a receiver for the purpose of securing for himself an unfair advantage. He, in this case, elected one remedy, and he will not be permitted to elect another and inconsistent remedy.

The judgment of the trial court will be set aside, and the cause will be remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*