## DOBBIE v. UNITED STATES.

District Court, S. D. Texas, at Houston.
May 6, 1927.

No. 811.

1. **Army and navy ⊚⇒51½—Action may be maintained on war risk insurance claim when director of bureau refuses to act thereon.**

Under the provision of World War Veterans' Act, § 19 (Comp. St. § 9127½—19), authorizing action on a claim in the event of disagreement between the bureau and claimant. the director cannot defeat the jurisdiction of the court to entertain such an action by persistently and unreasonably refusing to act on the claim.

2. **Army and navy ⊚⇒51½—Successful suitor for war risk insurance is entitled to costs and interest after judgment.**

On recovery on a claim for war risk insurance, plaintiff is entitled to costs and interest after judgment.

3. **Army and navy ⊚⇒51½—Representation by holder of policy of war risk insurance to obtain reinstatement held not to create estoppel to make inconsistent claim in subsequent suit.**

The holder of a policy of war risk insurance, who, in an application on which the policy was reinstated after lapse for nonpayment of a premium, represented that she was not then totally disabled, *held* not thereby estopped in a subsequent suit on the policy to claim total disability from a time prior to the reinstatement, since if such fact was proved, she did not owe the premium for which the lapse was declared, but her claim had matured, the government was not prejudiced and there was no ground of estoppel, nor was such representation, made for the purpose of keeping the policy in force, an election of remedies, where it was made through mistake.

4. **Election of remedies ⊚⇒10—"Election" cannot arise out of mistake.**

An act done on a mistaken hypothesis will not constitute an "election" of remedies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

At Law. Action by Amy C. Dobbie against the United States. Judgment for plaintiff.

Y. D. Mathes and Baker, Botts, Parker & Garwood, all of Houston, Tex., for plaintiff.

H. M. Holden, U. S. Atty., and Howell Ward, Asst. U. S. Atty., both of Houston,

Tex., and B. L. Guffy, U. S. Veterans' Bureau, of Washington, D. C., for the United States.

HUTCHESON, District Judge. This is a suit under the World War Veterans' Act, plaintiff claiming total permanent disability from and after October 31, 1919.

[1] In limine defendant presented a motion to dismiss for want of jurisdiction, alleging that there had been no disagreement between the complainant and the director under the terms of section 19 of the act (Comp. St. § 9127½—19) so as to give this court jurisdiction. While it is true the evidence shows no action on the part of the director in fully allowing or rejecting the claim, it does show a persistent and determined effort on the part of the plaintiff for a long period of time to obtain action from the director, and a persistent deferring of that action so long continued and so unreasonable as to defeat the very purpose and intent of the act.

While it is true the act contemplates, and very properly, that it should be administratively applied, and that resort should be had to the courts only where the administrator has failed to grant relief, it is the height of unreason to say that the director can unreasonably delay action on a claim and thus oust the courts of jurisdiction until he is ready to confer it on them. Such a contention finds no support either in morals, common sense or law. Holmes Co. v. Burton Construction Co. (C. C. A.) 267 F. 769.

After the overruling of the motion to dismiss for want of jurisdiction, the director caused the plaintiff to be again examined, and as of November 20, 1926, made an award of total permanent disability from that date, denying the claim retrospectively. Plaintiff, not content with this award, insisted upon and proceeded to trial, which trial resulted in a verdict in her favor finding her totally and permanently disabled from and after November 1, 1919, as contended by her.

Among the defenses asserted was that plaintiff had, by the failure to remit one of the monthly payments promptly, caused the policy to lapse, and on May 14, 1924, in her application for reinstatement of her lapsed insurance, made the representation that she was not then totally and permanently disabled; that upon the faith of such representation her policy was reinstated; that therefore and thereby plaintiff became estopped to claim disability back of May 14, 1924; and that the jury could only consider the question of her disability from and after 19 F.(2d)—42

that date. An instruction to this effect was disallowed, and the matter submitted to the jury to determine as an issue of fact, whether the plaintiff was, prior to November 20, 1926, totally and permanently disabled, and when that condition arose. No request was made by either the plaintiff or the defendant to submit to the jury as a question of fact whether plaintiff was estopped by the representations made in the application statement; both plaintiff and defendant contending as a matter of law, one that there could not, the other that there could, be an estoppel.

After the coming in of the verdict on motion to enter judgment on it, the matter was again raised; plaintiff presenting a judgment for the return of all premiums paid from and after November 1, 1919, and for installments from and after November 1, 1919, and defendant insisting that the time for the return of premiums and permanent disability should be fixed as of date May 14, 1924. In addition, plaintiff contends for the allowance of costs, as provided in the Court of Claims Act (Comp. St. § 1127 et seq.), and for interest after judgment, while defendant denies the liability of the United States for either.

Plaintiff contends for judgment, not only for installments accrued, but directing the continuance of payments in the future, subject to the provisions of law providing for re-examination of plaintiff's condition and a reaward, with the jurisdiction reserved in this court over the cause in the event of any future disagreement. Defendant opposes any such entry.

[2] As to the costs and interest, it is sufficient to say that, while the law is well settled that prior to judgment interest is not allowed on claims against the United States, and that in the absence of statutory authority neither interest after judgment nor costs are allowed, in every statute called to my attention allowing suit against the United States provision has been made for interest after judgment, and in a qualified way for costs. Specifically is such provision made in the Tucker Act (24 Stat. 505), to which, except where otherwise specifically provided, the present suit is required to conform. I therefore concur in plaintiff's view that she should have both costs and interest after judgment at 4 per cent., as allowed in the Tucker Act. U. S. v. Cress, 243 U. S. 321, 37 S. Ct. 380, 61 L. Ed. 746.

As to the recovery of future installments, since the decree expressly provides that this shall not prejudice the right of the board

to review, nor shall it secure to plaintiff future installments against the happening of contingencies effective in law to discontinue the payments, there can be no substantial objection to plaintiff's decree.

As to the provision reserving jurisdiction in this court over the case in the event of future disagreements, not only can there be no substantial objection, but it seems that the very nature of this litigation, fraught as it is with the possibility of future contention, makes it desirable, and I think jurisdictional, that the case be retained on the docket for further proceedings and orders, as future conditions may require.

[3] Reverting, then, to the real matter at issue and in controversy between the parties, the effect of the application for reinstatement of the policy in the light of the provisions of the act governing such reinstatement, it is evident, upon the slightest consideration, that the real question presented is whether the plaintiff, in applying for and securing reinstatement upon her representation that she was not totally and permanently disabled, made an election between inconsistent rights or remedies, such that, having effectually chosen one, she is estopped now to lay hold of the other.

A true estoppel certainly does not arise in this case, as the government has lost nothing, and if, as the jury found, the plaintiff has been totally and permanently disabled, her policy has been a liquidated demand since that date. She owed no premiums on it, and, instead of paying premiums, should have been receiving monthly installments; therefore by the reinstatement of the policy she did the government no harm.

Election, waiver, and estoppel all proceed on the same principle; in fact, the two former are but specific instances of the latter, more rigidly and more definitely formularized, and requiring for their effective application merely proof of necessary inconsistency, without proof of corresponding damage or injury to another, so that election, unlike ordinary estoppel in pais, excluding as it does inquiry into the question of actual loss or detriment to the party invoking it, has never been a favorite of the law, and has been more denied than enforced. Friederichsen v. Renard, 247 U. S. 213, 38 S. Ct. 452, 62 L. Ed. 1075, where it is said: "At best this doctrine of election of remedies is a harsh and now largely obsolete rule." See, also, Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 S. Ct. 533, 63 L. Ed. 1099; Spokane v. Whitley, 237 U. S. 487, 35 S. Ct. 655, 59 L. Ed. 1060, L. R. A.

1915F, 736; Bierce v. Hutchins, 205 U. S. 340, 27 S. Ct. 524, 51 L. Ed. 828; Parkerson v. Borst (C. C. A.) 264 F. 761.

It is plaintiff's position, not only that the doctrine of election—that is, waiver through assuming an inconsistent position— is a harsh one and not to be applied by the courts, except where obligatory to prevent injustice, and therefore certainly not applicable here, where the government has not been in the slightest prejudiced by the reinstatement of the policy, but that, giving the doctrine of election the strictest and most precise construction, it has no application here. She says that she was never put to a choice or an election between reinstating the policy and making her claim for total disability. Nothing in the statute nor the policy put upon her the obligation to make proofs of loss, or to proceed in any specific time, but, on the contrary, if she had not reinstated the policy, she would have had as clear a right to-day to bring her suit and recover as she did recover. In other words, by reinstatement she got nothing of value in this suit, and by reinstatement the government lost nothing.

If she is estopped by the application to reinstate the policy, and the payment of premiums upon it thereafter to obtain that which she had already by her disability become entitled to, the proceeds of the policy as an accrued claim, then any person who in ignorance of his real condition continues to pay premiums is estopped, upon ascertaining that condition, to claim a total loss, for the payment of the premium is an assertion that the policy has not matured; but that this is not the law has already been decided. New York Life Ins. Co. v. Brame, 112 Miss. 828, 73 So. 806, L. R. A. 1918B, 86.

The government claims that there was an election; that at the time she reinstated the policy she had the right either to lapse it, and stand upon her already accrued disability, or she had the right to reinstate the policy, if she was not in fact disabled, and thus obtain for herself continuing protection in the event of future disability; that if she had not paid the premiums she would have been deprived of all protection as to future disability, and that she could not have obtained the right to pay the premium and keep the policy in force, except for her statement that she was not permanently disabled.

To which plaintiff replies that she is not claiming and has not claimed protection under the policy for future accruing disability after reinstatement, but that she grounds

her case and has recovered upon the claim of disability already accrued in May, 1924; that in making the application for reinstatement of payments under it she was acting under a mistake on her part, either as to the fact of her disability, or as to the import of the question, therefore the fundamental element of election, knowledge of inconsistent rights and a deliberate intention to abandon one and claim the other, is absent.

The parties having submitted the issue of estoppel, waiver, or election to me by withdrawing it from the jury, I find as an issue of fact that the plaintiff did not intend to make an election; that she did not know that by making the application for reinstatement she was in any manner prejudicing her claim for past disability, and that, not knowing she was confronted with a choice of rights, she made no election.

[4] I further find that her position in making the application and the representations in it was that of one acting not upon an election, but upon an hypothesis, and that, that hypothesis turning out to be incorrect, no estoppel can arise from it. Bierce v. Hutchins, 205 U. S. 340, 27 S. Ct. 524, 51 L. Ed. 828, is controlling on this point. There the court said: "Election is simply what its name imports; a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone. * * * In all such cases the characteristic fact is that one party has a choice independent of the assent of any one else."

Again: "The assertion of a lien by one who has title, so long as it is only an assertion and nothing more, is merely a mistake. It does not purport to be a choice, and it cannot be one because the party has no right to choose. The claim in the lien suit, * * * was not an election but an hypothesis." Northern Assurance Co. v. Grand View Building Assoc'n, 203 U. S. 106, 108 [27 S. Ct. 27, 51 L. Ed. 109]. The fact that a party, through mistake, attempts to exercise a right to which he is not entitled, does not prevent his afterwards exercising one which he had and still has, unless barred by the previous attempt."

Applying the law of that case to the facts of this, it is plain that plaintiff, under a mistake either as to the purport and effect of the question, or as to the facts called for in it, asserted as a fact what was not a fact. She made a mistake; as the result of that mistake the government lost nothing, and has been in no manner prejudiced. Plaintiff's assertion of that mistake was then, not an election, but a mere hypothesis, and it follows, the true facts being established, she can recover upon them.

This the court should rule in any kind of case. In this character of case, where the purpose and intent of the law is remedial, and is characterized and colored by a desire to protect as wards of the United States, those who have lost their lives or their health in its military service, by a much stronger reason, courts should refuse to permit the application of the dry doctrine of election.

It follows, then, that the judgment presented by the plaintiff, as modified by the court's interlineations on the face of it, should and will be entered.