TRINIDAD ASPHALT MFG. CO. v. GREGORY et al.

GREGORY et al. v. TRINIDAD ASPHALT MFG. CO.

No. 12151.

Circuit Court of Appeals, Fifth Circuit.

March 18, 1948.

Vardaman S. Dunn, E. J. Lotterhos, and C. F. Travis, all of Jackson, Miss., for appellant.

William H. Watkins and Harold Cox, both of Jackson, Miss., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit began its long slow march through the courts with a bill of complaint filed December 18, 1944, in the Chancery Court of Hines County, Mississippi, followed by a welter of pleadings, proceedings, and orders in state and federal courts involving other parties and issues in addition to those in these appeals. It came finally to an end in the court below in a trial without a jury in a judgment entered May 29, 1946.

Stripped of the complexities in which its long and litigious course has tended to involve it, the suit as between appellant and appellees was for sums appellees, plaintiffs below, claimed as due them under a highway contract[1] with appellant, defendant below.

The district judge, of the opinion that plaintiffs were entitled to recover on their main contention that defendant was obligated to pay plaintiffs one-half of the rents due for equipment plaintiffs had furnished the venture, held: that the contract was a contract for joint venture; that it obligated each of the parties to contribute equal amounts to finance the venture; that plaintiffs, to the extent of the rent for the equipment, furnished more to the venture than defendant; and that defendant was obliged to make plaintiffs whole by equalizing the contributions. Defendant has appealed.

On plaintiff's second contention, that defendant was liable to plaintiffs for $2500, one-half the excess asphalt which had to be used to make up for deficiencies in the gravel base, the district judge held with defendant, and plaintiffs have appealed.

Finally, the district judge, instead of awarding interest on the amount found due

---

[1] As material here, the contract between Trinidad Asphalt Manufacturing Co., the defendant, called "Company," and Mid-South Paving Company, the plaintiff, called "Contractor," provided:

"The company on its part unconditionally obligates itself to furnish for this venture at its sole expense the roadbed prepared according to the prime contract and ready to receive the tar prime coat and asphalt."

"It is agreed that the parties shall rent any equipment which they do not have available for use on said job at the best possible price to them. The contractor shall decide as to what equipment will be necessary and best suited therefor. Such equipment as each of the parties have as available for such use shall be used on said job if serviceable and each party shall receive for such use of his equipment on said job the ceiling price therefor as currently fixed by the Office of Price Administration out of such operation expense."

"Neither of the parties shall be entitled to charge against this operation any salary for either of them but only the actual payroll expense, material bills, rent, and insurance on said jobs shall be charged as a cost against these operations.

"The parties agree that they shall equally provide any necessary financing for this operation without the assistance of the other. Upon completion of said items of work and after deduction of all allowable expense and costs of such operations under the provisions hereof, the net profit or balance thereafter remaining in said joint account shall be shared sixty-percent by the contractor and forty percent by the company. This arrangement is not intended and shall never be construed or understood as creating a partnership or joint venture but is simply a means adopted by the parties for pooling their resources and effort to the extent of doing said work as herein provided after which this agreement shall be terminated."

plaintiffs from January 1, 1945, as contended for by them, gave interest only from the date of the judgment, and plaintiffs have appealed.

Appellant, urging that the district judge was wrong in holding it accountable for one-half of the rental due on equipment furnished by plaintiffs, and arguing at great length about joint ventures and partnerships, points out that the contract provided specifically that it did not create a partnership or joint venture, and insists that there being no provisions in it for sharing losses, the judgment of the court, in effect a judgment that losses must be equally shared, was wrong.

In addition it insists that the contract terms make it plain that equipment rental was to be paid only out of operations and that the judgment, charging it against appellant as "a part of the necessary financing," was wrong.

Another point made by it is that in the earlier stages of the suit plaintiffs took the position that the contract did not create a joint venture or partnership but was only a subcontract, a position wholly inconsistent with that taken at the end, and that plaintiffs were thereby estopped.

Finally, it insists that if the contract did obligate it to share losses, it impliedly obligated it to share the losses in the same proportion provided in the contract for the sharing of profits, sixty-forty, instead of fifty-fifty.

Appellees, while urging that the contract did create a joint venture and did obligate the joint-venturers to share the losses equally, insist that all of this argument is beside the mark, that it is quite plain, as found by the court, that the contract obligated each of the parties to share equally in financing the expenses of the operation, and it being admitted that the rental of the equipment was part of these expenses and that plaintiffs had furnished more than their share of equipment, the district judge was right in requiring defendant to make them whole.

■ We agree with plaintiffs. The case simply put is one where two parties having agreed to pay expenses equally, the one who contributed more than the other to the enterprise is entitled to have contribution from the other to the extent of his overpayment. We think it clear that in recognizing this binding principle, the district judge was right and that on the main appeal the judgment must be affirmed unless appellees have estopped themselves by an election of remedies from making this claim. An examination of the record in the light of the controlling authorities[2] leaves us in no doubt that it affords no basis for the estoppel claimed. At worst against plaintiffs, it presents only a case of a mistaken opinion by plaintiffs as to their position and rights which mislead nobody and as a result of which no one suffered damage. The doctrine of estoppel by election is not favored. It is only in cases where the remedies are completely inconsistent and one is followed with effect and to the damage of the adverse party that it will be enforced.[3]

■ On plaintiff's cross-appeal for excess asphalt, we think the district judge was right for the reasons that he gave. He found, as contended by plaintiffs, that the contract obligated the defendant to furnish a completed road bed and that the venture was subjected to an extra cost of $5000.00 to bring the road bed into condition for the final paving. He nevertheless found on the undisputed evidence that "the company" had properly completed the road bed and that the extra cost had been incurred not because of the company's failure to comply with its contract but because of the joint action of the parties to the venture in allowing the road to be used by customers of the venture during the period when it was being held for final topping.

■ On the matter of interest, we think the district judge was wrong. Under the settled law of Mississippi, plaintiffs were entitled to interest from the time that the money sued for became due, and appellees

---

[2] 19 Am.Jur., "Estoppel", Sec. 72–73, pp. 704–709; 113 A.L.R. 925.

[3] Bierce v. Hutchins, 205 U.S. 340 at page 346, 27 S.Ct. 524, 51 L.Ed. 828; Southern Pacific v. Bogert, 250 U.S. 483

at 490, 39 S.Ct. 533, 63 L.Ed. 1099; Miss. Power & Light Co. v. Pitts, 181 Miss. 344, 179 So. 363; Meyer v. Meyer, 106 Miss. 638, 64 So. 420; C/f Parkerson v. Borst, 5 Cir., 264 F. 761.

having claimed only from January 1, 1945, appellant cannot complain of the allowance from that date.

The judgment will be reformed to allow interest from January 1, 1945, and as reformed, will be affirmed.