UNITED STATES STEEL CORPORATION-SOUTH WORKS, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Dorothy Cimochowski *et al.*, Appellant).

First District (Industrial Commission Division)   No. 1—85—200WC

Opinion filed August 27, 1986.

Cornfield & Feldman, of Chicago (Linzey D. Jones and Thomas J. Mallers, of counsel), for appellant.

Rooks, Pitts & Poust, of Chicago (Daniel P. Socha and Todd L. Shivers, of counsel), for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioners, Dorothy Cimochowski, Edward Cimochowski, Jr., Judy Ann Cimochowski, and Mary Rose Cimochowski, appeal from a judgment of the circuit court of Cook County reversing in part a decision of the Industrial Commission of Illinois. Petitioners contend the circuit court erred in holding that respondent, United States Steel Corporation-South Works, was entitled to apply $11,500 in life insurance benefits paid to Dorothy Cimochowski in satisfaction of a portion of the death benefits payable under the Workers' Compensation Act as a result of Edward Cimochowski's death. We agree and reverse.

Dorothy was Edward Cimochowski's wife, and Edward, Jr., Judy Ann, and Mary Rose were their children. Edward worked for respondent. On February 15, 1981, Edward was crushed to death while at work when a counter weight fell on his chest.

Edward was covered by a group life insurance policy. This policy was a part of a "Program of Insurance Benefits" (PIB) provided by respondent for its employees pursuant to an agreement with the United Steelworkers of America (the union). With respect to who was entitled to receive the benefits of the life insurance, the PIB provided:

"In the event of your death, your life insurance will be payable to any person you designate as beneficiary. You have the right to change the beneficiary at any time by completing and returning to the Company the proper beneficiary-change form."

After Edward's death, Dorothy received $11,500 in benefits from this life insurance as the beneficiary.

■ Petitioners filed a claim for workers' compensation benefits with the Industrial Commission. Respondent contended that the $11,500 from the life insurance should be credited against the amount of death benefits payable, pursuant to section 4(i) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i)). The arbitrator denied the credit. On review, the Industrial Commission affirmed the decision of the arbitrator. The circuit court reversed in part the decision of the Industrial Commission, finding respondent was entitled to the credit. This appeal followed.

Section 4(i) of the Workers' Compensation Act provides:

"If an employer elects to obtain a life insurance policy on his employees, he may also elect to apply such benefits in satisfaction of all or a portion of the death benefits payable under this Act, in which case, the employer's compensation premium shall be reduced accordingly." (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i).)

This court's role in construing this statute is to determine and give

effect to the intent of the legislature. (*People v. Agnew* (1985), 105 Ill. 2d 275, 279, 473 N.E.2d 1319, 1321.) The best indication of that intent is the statutory language itself. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475, 433 N.E.2d 674, 677.) Thus, if the legislature's intent can be determined from the language of the statute, it will be given effect without resorting to other aids for construction. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) The language of section 4(i) establishes that the legislature did not intend it to apply to life insurance like that involved in this case. There are two independent reasons for this conclusion.

■ First, for the statute to apply an employer must "elect[ ] to obtain a life insurance policy on his employees." (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i).) Respondent did not make this election with respect to the life insurance at issue.

As respondent and petitioners acknowledge:

"An election is a choice, shown by an overt act, between inconsistent rights, either of which may be asserted at the will of the chooser alone." (*Divco-Wayne Sales Financial Corp. v. Martin Vehicle Sales, Inc.* (1963), 45 Ill. App. 2d 192, 201-02, 195 N.E.2d 287, 292, citing *Moran v. Union Bank* (1933), 352 Ill. 503, 508, 186 N.E. 182, quoting *Bierce v. Hutchins* (1907), 205 U.S. 340, 346, 51 L. Ed. 828, 833, 27 S. Ct. 524, 525 (Holmes, J.).)

The life insurance at issue was a part of the PIB respondent provided pursuant to its agreement with the union. Respondent was contractually obligated to obtain it. Thus, obtaining the life insurance was not the assertion of a right by respondent because it would have been a breach of contract if respondent had not obtained it. Also, the decision that respondent would obtain the life insurance was made jointly by respondent and the union, and not respondent at its will alone. Therefore, because respondent did not have the right not to obtain the life insurance and because the choice to obtain it was not respondent's alone, respondent did not "elect[ ] to obtain" the life insurance at issue. Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i).

■ Second, section 4(i) was not intended to apply to a life insurance policy with provisions for the payment of benefits like those in the policy at bar. Respondent was therefore not entitled to apply the $11,500 in life insurance benefits in satisfaction of a portion of the workers' compensation death benefits.

Section 4(i) provides that if an employer elects to obtain a life insurance policy on his employees "he may also elect to apply such benefits in satisfaction of all or a portion of the death benefits payable

under this Act." (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i).) Contrary to respondent's contentions, this language does not permit an employer "to receive a credit against workers' compensation death benefits in the amount of life insurance benefits" from an employer-paid policy. Rather, the phrase "such benefits" indicates that the statute permits the employer to use the specific benefits paid by the life insurance policy to pay all or part of the workers' compensation death benefits.

This understood, the problem with applying section 4(i) to a life insurance policy like that in this case becomes clear. The policy gave Edward the right to designate and change the beneficiary at will. He chose Dorothy who, as it turned out, was also entitled to receive workers' compensation death benefits. However, Edward could have designated someone not entitled to receive workers' compensation death benefits, a favorite aunt for instance. If he had, and section 4(i) applied, it would be necessary to (1) take the life insurance benefits from the aunt to pay the workers' compensation death benefits, or (2) reduce the workers' compensation death benefits payable to the survivors by the amount of life insurance benefits paid to someone else, or (3) interpret section 4(i) to permit an employer to apply life insurance benefits to satisfy workers' compensation death benefits only when the beneficiary of the life insurance happens to be entitled to receive workers' compensation death benefits. It is unreasonable to believe that the legislature intended any of these results when it used the language found in section 4(i) (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i)).

Section 4(i) is more reasonably interpreted as permitting the employer to "elect to apply such benefits in satisfaction of all or a portion of the" workers' compensation death benefits if the employer has the right to do so under the life insurance policy. Thus, if the employer is the policy's sole beneficiary, or if the policy, regardless of who might otherwise be the beneficiary, provides that if death is compensable under the Workers' Compensation Act the employer may elect to apply the policy's benefits in satisfaction of death benefits under the Act, then the employer may use the policy's benefits to pay workers' compensation death benefits. It is more reasonable to believe that the legislature intended that section 4(i) have this effect than it is to believe that it was intended that section 4(i) modify provisions for the payment of benefits in all employer-provided life insurance policies. Moreover, this interpretation gives full effect to the statute by permitting employers to insure a part of their workers' compensation liabilities with life insurance and enabling them to obtain a corresponding reduction in their workers' compensation insurance premiums.

The life insurance policy in this case gave Edward the right to designate and change the beneficiary at will. Respondent did not have the right under the policy to elect to apply the policy's benefits in satisfaction of workers' compensation death benefits. Respondent was therefore not entitled to do so under section 4(i) (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(i)).

Respondent did not elect to obtain the life insurance and did not have the right to apply the policy's benefits in satisfaction of workers' compensation death benefits. Consequently, respondent was not entitled to the $11,500 credit the circuit court held it could take. In light of our disposition of this cause we need not consider petitioner's other arguments including her ERISA-preemption claim. Accordingly, the judgment of the circuit court of Cook County is reversed and the award of the Industrial Commission is reinstated.

Reversed; award reinstated.

WEBBER, P.J., and BARRY, KASSERMAN, and McNAMARA, JJ., concur.