SIMMONS HARDWARE COMPANY *v.* WILLIAM E. TODD.

1. AGENCY. *Undisclosed principal. Waiver.*

An undisclosed principal is liable for goods purchased for him by his agent, when the seller has in no way waived his right to a recovery against him.

2. SAME. *Charge to third person.*

The unauthorized act of an agent in directing and causing goods purchased for his undisclosed principal to be charged by the seller to a third person, imposes no liability on such person, and does not preclude the seller from holding the principal liable.

From the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

The hardware company, appellant, was the plaintiff in the court below; Todd, appellee, a physician, was defendant there. From a judgment for defendant, pursuant to a peremptory instruction, in the court below the plaintiff appealed to the supreme court. The facts are stated in or are clearly inferable from the opinion of the court.

*Harper & Potter,* for appellant.

There is no substantial dispute as to the facts in the case. The court below, however, refused the peremptory charge

asked for the appellant, and granted that asked by the appellee, upon the authority, as the judge announced, of *Hendricks* v. *Robinson*, 56 Miss., 694, a case that, in detail, bore many of the features of the case at bar, but totally dissimilar in the main facts. In that case the goods were delivered to Hendricks by the direction of Dulaney, and were charged against him upon his own instruction. Suit was there brought against Dulaney, and the same was defeated upon the ground that he was a surety, and his undertaking, being verbal, was void. After that time, Robinson sued Hendricks upon the same account, and the court held that Hendricks was in no manner affected by the result of the litigation between Dulaney and the plaintiff, and that his rights should be determined without regard to that suit. In the Hendricks case Robinson testified that the goods were sold to Hendricks upon the sole credit of Dulaney, and were charged to him on the books of the firm, and the court held that, upon such proof, the sale was made to Dulaney, and there could be no recovery against Hendricks, notwithstanding the fact that the first suit had been erroneously decided. We concede that, if there had been a valid sale that bound the credit of Carson, the mere fact that the suit against Carson was defeated would give no ground for a suit against any other person. The question determined in the Robinson case and the question in the case at bar is as to who was primarily liable for the bill of goods. Our contention is that the real purchaser was Dr. Todd, through the medium of his brother.

*Williamson, Wells & Croom*, for appellee.

This case is completely covered by the decision of this court, in the case of *Hendricks* v. *Robinson*, 56 Miss., 697. The testimony taken on behalf of the plaintiff shows conclusively that Carson was the sole debtor of the plaintiff, and it could not make Todd liable in the absence of a written promise, to pay the debt. No such written promise appears, but, on the

contrary, it is manifest that there was no claim or pretense that Todd owed the debt until after the Simmons Hardware Company had been cast in the suit against Carson. Todd was in no manner affected by the result of the litigation between Simmons Hardware Company and Carson, and in this case, as in the Hendricks case, ·the only questions to be considered by the court were whether the appellee was originally bound for the goods, or had subsequently become so by any written promise to pay the debt. The representative of Simmons Hardware Company testified that the goods were sold to Carson, and were charged to him on the books of the company. It is futile under these circumstances for appellant to claim that there was any original indebtedness from Todd to appellant. There was no pretense of any subsequent assumption of the debt, and however much appellant may have been wronged in its litigation with Carson, the result of that suit cannot be urged as a reason for recovery in this.

In the Hendricks case, *supra*, there was an acknowledgment of the justness of the debt and a parol promise to pay it. But the court in that case says: "The parol promise of the beneficiary to pay the debt of him who by his credit has procured the goods, is as invalid as a like promise by the surety where the primary obligation rests upon the beneficiary." In the case at bar there is not even a parol promise to pay the debt. The fact that appellee used the goods would not impose any legal obligation to pay the debt, even if there had been such parol promise. There being no legal obligation on defendant to pay for the goods, the fact that they had been bought by Carson for and used by him does not afford any legal or moral obligation to pay their debt.

Argued orally by *W. H. Potter* and *W. R. Harper*, for appellant, and by *Ben H. Wells*, for appellee.

TERRAL, J., delivered the opinion of the court.

We are of the opinion that the court erred in giving a

peremptory instruction for the defendant in this case. It is perfectly apparent from the record that Dr. Todd purchased the goods, the price of which is here sued for, from Alexander, the traveling salesman of the Simmons Hardware Company, of St. Louis, Missouri, and that the purchase was made by Ben Todd, at the suggestion of Dr. Todd, and the goods were charged to Carson & Co., at the instance of Ben Todd, the agent of Dr. Todd in the purchase. There was not the least show of right in charging the goods to Carson & Co., and such act was a nullity. Where a vendor sells goods to an agent for another person, whose name is not disclosed at the time of the purchase, the vendor, although credit is extended to the agent, may, upon finding out the principal, elect to pursue him for the purchase price. Ben Todd was the agent of Dr. Todd in the purchase of these goods, and, if they had been charged to Ben Todd, the vendor, on finding out that Dr. Todd was the principal in the purchase, could have charged the goods against Dr. Todd; and his right to do so cannot be less where they were charged by Ben Todd's direction to Carson & Co., who by no means could be made liable for them. If the facts of the case do not demand a peremptory instruction for the plaintiff, they at least require the submission of them to a jury. The whole arrangement between the parties was but a device to enable Dr. Todd to get the goods without paying the retailer's profits. It is altogether unlike the case of *Hendricks* v. *Robinson*, 56 Miss., 694, 31 Am. Rep., 382. In a case similar to this, Lord Tenterden, C. J., said: "I take it to be a general rule that, if a person sells goods, supposing at the time of the contract he is dealing with the principal, but afterwards discovers that the person with whom he had been dealing is not the principal in the transaction, but agent for a third person, though he may in the meantime have debited the agent with it, he may afterwards recover the amount from the real principal." *Thompson* v. *Davenport*, 9 Barn & C., 78 (17 E. C. L., 45). In *Patterson* v. *Gandasequi*, Lord Ellen-

borough, C. J., said: "The law has been settled by a variety of cases that an unknown principal, when discovered, is liable on his contracts which his agent makes for him; but that must be taken with some qualification, and a party may preclude himself from recovery over against the principal by knowingly making the agent his debtor." And Bayley, J., said: "I have generally understood that the seller may look to the principal when he discovers him, unless he has abandoned his right to resort to him." 15 East, 62. 2 Kent Com. (13th ed.), sec. 631, note "Y," says: "The general rule that an undisclosed principal may sue or be sued upon his disclosure is sustained by *Curtis* v. *Williamson*, L. R. 10 Q. B. 57, and other cases there cited." And this right to sue the principal continues until the creditor, with full knowledge of the facts, elects to hold the agent bound for the price. If the principal is misled by the creditor to believe that such creditor intends to look alone to the agent for his claim, and thereby induces him to settle with the agent, the right of the creditor to charge the principal is gone. But upon this record there is no room to claim that Dr. Todd had been misled by the Simmons Hardware Company in any particular. We think, upon this record, that right and justice is with the plaintiff, and it should have had verdict and judgment.

*Reversed and remanded.*