NATALBANY LUMBER Co. *v.* COUNTISS *et al.*

[99 So. 262.   No. 23893.]

(Division A. March 3, 1924.)

1. BANKRUPTCY. *Creditor who was party to bankruptcy proceeding and participated therein could not collaterally attack proceedings in action on debt in state court.*

   A creditor who was a party to bankruptcy proceedings instituted by debtor's voluntary petition, and who participated therein, and did not attack the validity of the adjudication of bankruptcy by motion to have adjudication set aside or by appeal from order of adjudication, could not attack the proceedings collaterally in action to recover the debt in a state court.

2. BANKRUPTCY. *Creditor who participated in bankruptcy proceedings in which debtor petitioned as corporation held precluded from suing incorporators as partners.*

   Where voluntary petitioner in bankruptcy petitioned as a corporation, the bankruptcy adjudication precluded a creditor who participated in the proceedings from denying petitioner's corporate capacity on the ground that it had failed to report its organization to the secretary of state of Mississippi under Code, Miss. 1906, section 930, and hence such creditor was precluded from suing incorporators as partners.

APPEAL from circuit court of Tallahatchie county.
HON. J. M. KUYKENDALL, Special Judge.

Suit by the Natalbany Lumber Company against G. B. Countiss and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Featherstone & Breland,* for appellant.

It is the contention of the appellants that all of the defendants in the court below are to be deemed and held as partners in this suit, as provided by section 930 of the ·Code of 1906, and section 4104 of Hemingway's Code.

The statute requiring the incorporators of a corporation to file the report of their organization of the cor-

poration as provided, is mandatory, and, if the statute is not complied with, not only are the incorporators of such corporation to be deemed and held as partners, but all other persons doing business thereunder shall likewise be deemed and held to be partners in business. *Ragland et al.* v. *Doolittle,* 100 Miss. 498, 56 So. 445; *Hessig-Ellis Drug Company* v. *Wilkinson et al.,* 76 So. 570.

It is therefore the contention of appellant that under the express language of the statute, and in the light of the two cases above cited, the failure of the incorporators of the Webb Lumber Company to report their organization to the secretary of state, as required by section 930 of the Code of 1906, makes them, together with the other appellees herein, unquestionably liable to the appellant for the amount sued for.

The contention of the appellees, however, is that, since the Webb Lumber Company filed a voluntary petition in bankruptcy, and the Webb Lumber Company was, by the bankrupt court adjudicated a bankrupt, the stockholders, the appellees herein, are discharged from the debts of the Webb Lumber Company, and are therefore not liable to the appellant in this suit.

We contend, however, that, since the Webb Lumber Company failed to make a report of its organization to the secretary of state, as required by law, it was not a corporation, or was rather a void corporation, and therefore could not be adjudicated a bankrupt, and thereby discharge from liability its stockholders from debts due and owing by the Webb Lumber Company; that by the plain language of the statute, if the incorporators fail to make a report of its organization as required by statute, the stockholders and those doing business under the corporation shall be deemed and held liable as partners for its debts. Therefore the Webb Lumber Company was not a corporation, but a partnership.

The Webb Lumber Company was not adjudicated a bankrupt as a corporation, but must have been adjudi-

cated a bankrupt as a partnership. Under the Bankrupt Act as amended by the Acts of Congress of 1910, a partnership may be adjudicated a bankrupt without adjudicating the individual members composing the partnership bankrupt. This led to the doctrine that a partnership is, in bankruptcy, a legal entity, being a joint relation where identity of the members has been lost, and that therefore the individuals and the partnership are entities, separate and distinct from each other. See 1 Collier on Bankruptcy (12 Ed.) page 168, section 1-C. Also citing: *In re Myers* (C. C. A. 2nd Cir.), 3 Am. B. R. 559, 98 Fed. 976; *In re Stein,* 127 Fed. 547; *In re McLaurin* (D. C. N. Y.), 11 Am. B. R. 141, 125 Fed. 835; *In re Perley* (D. C. Mo.), 15 Am. B. R. 54, 138 Fed. 927; *In re Sanderlin* (D. C., N. Car.), 6 Am. B. R. 384, 109 Fed. 857; *In re McMurtrey* (D. C. Tex.), 15 Am. B. R. 427, 142 Fed. 853.

However, the recognition and application of this doctrine does not modify, in any way, the established rule fixing the substantive rights of creditors, irrespective of the partnership and its individual members. See *Matter of Union Bank* (C. C. A. 6 Cir.), 25 Am. B. R. 148, 148 Fed. 224.

The rule, therefore, seems to be firmly established that the partnership, as a distinct entity, may be adjudicated a bankrupt without a proceeding being prosecuted against the individual members of the partnership, and *vice versa.* See *American Steel & Wire Company* v. *Coover* (Okla. Sup. Ct.), 25 Am. B. R. 58. Also *Francis* v. *McNeal* (C. C. A. 3 Cir.), 26 Am. B. R. 555, 168 Fed. 481; *Mills* v. *Fisher & Company* (C. C. A. 6 Cir.) 23 Am. B. 237, and 159 Fed. 897.

It therefore seems to be a general rule of law that a partnership, as an individual entity, may be adjudged a bankrupt without adjudicating the individual partners bankrupt. So in the case of the Webb Lumber Company, it was adjudicated a bankrupt as a partnership,

134 Miss.—33.

and not as a corporation, because, under the laws of Mississippi, it never had any corporate existence. 7 R. C. L. "Corporations," section 7.

The defendants in the suit below were liable as partners, and it was the duty of the lower court to give judgment for the appellant here, for the full. amount sued for, less the credit.

*Hays, Stingily & Whitten,* for appellees.

Appellant contends that, since as a matter of fact the company, so far as can now be shown, did not report its organization as required by statute, the charter issued was void, and each stockholder is liable as· a partner. But, we submit, appellant lives in the past. His statement of law cannot be. questioned, 'and certainly, if it had been pleaded in the bankruptcy court, would have prevailed. It, however, was not pleaded there, and, by reason of plaintiff's election to file its claim against the debtor as a bankrupt corporation, rather than to prosecute its claim against the debtor as a partnership, the debtor was adjudicated a corporation. That court would have promptly dismissed the petition, and the creditors could have pursued the partnership debtor in that court, or the state court, as the facts warranted.

The only question is whether the adjudication of the Webb Lumber Company as a bankrupt corporation by the bankruptcy court is a final adjudication which bars plaintiff's subsequent action in the circuit court. The parties were the same, the subject-matter the same, and, in addition to the same debt issue, the same accounts against the debtor, the issue there, as here, was whether the Webb Lumber Company is a corporation. There was, if not, no adjudication on its petition here, if so, no judgment on the declaration.

"Such a decree, adjudicating a corporation a bankrupt, is in the nature of a decree *in rem* as respects the

status of the corporation, and, if the court rendering the judgment had jurisdiction, the judgment cannot be collaterally attacked.'' *New Lamp Chimney Co.* v. *Ansonia Brass, etc., Co.*, 91 U. S. 656, 23 L. Ed. 336; *Hanover National Bank* v. *Mayes*, 186 U. S. 181; 46 L. Ed. 192; *Chapman* v. *Brewer*, 114 U. S. 158, 20 L. Ed. 83; *Manson* v. *Williams*, 213 U. S. 453, 52 L. Ed. 869.

''Decrees in bankruptcy are entitled to the same verity, and are no more liable to be impeached collaterally than any other judgments or decrees rendered by courts possessing general jurisdiction.'' *Michaels* v. *Post*, 22 U. S. (L. E.), 520.

If the adjudication finally adjudicates the fact that the Webb Lumber Company was a corporation, whatever might have been the result if the facts had been pleaded at the right time, on sufficient evidence, then, as between these parties, the question is settled; and, since it was a corporation, there can be no liability of the stockholders as partners.

This suit is settled under another principle, the doctrine of the election of remedies. The appellant, at the time it was called on to, did in fact undertake to prosecute its claim against the debtor in the bankruptcy court, and did elect whether it would follow up the remedy afforded there, or contest the proceedings and sue on the company's liability under section 4081, Hemingway's Code. It, on the same claim, against the same debtor, elected to pursue the remedy afforded in the former court. Surely it is estopped now to say there was no corporation, when, by its own action it has caused another court of competent jurisdiction to say there was a corporation, and acquiescing in the proceedings, participated in the fruits thereof. A party cannot ''approbate and reprobate.'' The plaintiff received dividends in the bankruptcy proceedings, even after the filing of this suit, and, as already set out, participated therein at its every stage. Surely the doctrine of estoppel operates.

HOLDEN, J., delivered the opinion of the court.

The Natalbany Lumber Company of Hammond, La., sued G. B. Countiss, T. B. Abbey, W. M. Simpson, E. V. Catoe, B. L. Neal, H. E. Wherry, M. T. Bynum, F. T. Gerard, Mrs. F. T. Gerard, S. J. Simmons, and J. C. Wilson, as copartners, in the circuit court of Tallahatchie county, Miss., upon three certain promissory notes, each in the sum of six hundred ten dollars and seventy-nine cents executed at ''Webb, Miss., August 1, 1921, and due the plaintiff October 15, November 15, and December 15, 1921, by the Webb Lumber Company, by E. L. Quinn.'' Interest and attorney's fees were also claimed; and credit was given for certain payments upon the notes.

The defendants pleaded to the effect that a charter of incorporation had been duly issued to them; that the Webb Lumber Company was a corporation, and not a copartnership; and that, long before the suit was filed against them, the lumber company was duly adjudged a corporation and a bankrupt as such in the United States district court; and, because of such adjudication, acquittance and release of the indebtedness claimed was consequently had. Further plea was made that the plaintiff filed its claim in the bankruptcy court, against the Webb Lumber Company, participated in the distribution of the proceeds of the sale of the assets by said court, and otherwise and generally entered its appearance in said bankruptcy cause; and that the judgment of the bankruptcy court that the lumber company was a corporation was a final judgment, binding against them. The defendants exhibited certified copies of the proceedings in the bankruptcy court, from which it appeared that on March 21, 1922, the Webb Lumber Company, Incorporated, filed its petition therein, praying that it be adjudged a bankrupt. On March 23rd, the referee in bankruptcy, to whom the case was duly referred by the clerk of the court, adjudicated the Webb Lumber Com-

pany to be bankrupt, but the adjudication does not state whether the petitioner was, or was not, a corporation. The affairs of the bankrupt were administered by the bankruptcy court; appellant participated therein, and received its *pro rata* of the assets. No objection was raised in the bankruptcy court by appellant as to the regularity of the proceedings there had; nor was any motion there made by appellant to have the adjudication of bankruptcy set aside, if properly made; nor was any appeal had from the order of adjudication of bankruptcy.

The defendant further pleaded that plaintiff could not maintain its suit for the reason that the lumber company was a corporation authorized to do business as such, as shown by the charter of incorporation granted by the state, copy thereof being attached as an exhibit to the plea. Further plea was filed by defendants to the effect that the notes sued upon were not the notes of the defendants, but those of the Webb Lumber Company, Incorporated.

Replication to these pleas was filed by the plaintiff as follows: That the defendants were each liable because the notes sued upon were not the notes of the lumber company as a corporation, but those of each of the defendants; for the reason that the alleged corporation had failed to report its organization to the secretary of the state of Mississippi as required by section 930 of the Code of 1906; and that because of such failure the charter of the alleged corporation was void, and the stockholders were liable as copartners under said statute.

A demurrer was also filed by appellant to the effect that defendants' pleas, with exhibits thereto attached, made no defense to the cause of action; and, further, that the exhibits showed that no court of competent jurisdiction had adjudged the Webb Lumber Company to be a corporation; and that said court had not adjudicated the lumber company as a corporation to be bankrupt.

Appellees rejoined that the lumber company was a corporation and duly adjudged so to be by the court of bankruptcy; that said court was one of competent jurisdiction over the parties and the subject-matter; that appellant was a party to the proceedings in the said court, proved its claim therein, and participated as such party in the matter of the estate of the lumber company as a corporation.

Appellant demurred to the rejoinder of appellees, and contended that the pleas and exhibits of the defendants showed that no court of competent jurisdiction had adjudged the lumber company to be a corporation.

The trial court overruled appellant's demurrer; and the parties to the suit having submitted the same to the court upon the agreed statement of facts hereinafter set out, a judgment was rendered in favor of the defendants, from which this appeal has been taken.

### Agreed Statement of Facts.

"Now come both the plaintiff and the defendants, who hereby agree that the above-styled cause shall be submitted to the court for trial and judgment upon the facts of the case, which are as follows:

"That on the 22d day of December, 1919, there issued to B. L. Neal, M. T. Bynum, E. V. Wilson, Sam J. Simmons, and F. T. Gerard a charter of incorporation under the laws of the state of Mississippi, authorizing the incorporation and the holders of stock in the corporation to engage at Webb, Miss., in the business of buying and selling lumber, brick, lime, cement, and all other building materials of every kind and character, and to buy and sell real estate, and to erect houses and to do general business, and in addition to operate sawmills, and to buy and sell coal under the corporate name of Webb Lumber Company, and the corporation enjoyed the privileges of a corporation under the statutes of the state of Mississippi.

"At all times mentioned in this suit, and for all the purposes of this suit, the owners of the stock in said corporation were G. B. Countiss, T. B. Abbey, W. M. Simpson, E. V. Catoe, B. L. Neal, R. E. Wherry, M. T. Bynum, F. T. Gerard, Mrs. F. T. Gerard, S J. Simmons and J. C. Wilson.

"That the defendants did business in said corporate name from the date of its charter until the 21st day of March, 1922, when there was filed in the district court of the United States for the Delta Division, Northern District of Mississippi, in the matter of Webb Lumber Company, Incorporated, voluntary bankruptcy No. 525, the voluntary petition of the Webb Lumber Company, Incorporated, setting up that the said corporation was insolvent, and praying to be adjudicated a bankrupt and to have its affairs adjudicated in accordance with the bankruptcy laws. That said adjudication was in all things regular. That there was at all times only one Webb Lumber Company at Webb, Miss.

"That prior to the said adjudication and during the time the said Webb Lumber Company, Incorporated, was doing business under its said corporate name, the said Webb Lumber Company became indebted to the plaintiff in the sum mentioned in the plaintiff's declaration herein filed, and in addition thereto became indebted to a large number of other creditors in divers sums.

"That on said petition there issued and was duly served to the creditors a notice as provided by the Bankruptcy Act, and that, in strict compliance with the bankruptcy acts, on the 23d day of March, 1922, the said Webb Lumber Company was duly adjudged a bankrupt, unless the adjudication is insufficient by reason of the fact that the order making the adjudication does not specifically set out that the Webb Lumber Company was a corporation. The adjudication, however, was on the petition of the Webb Lumber Company, Incorporated. The fact is to be determined on the facts that the peti-

tion was filed by the Webb Lumber Company, Incorporated in due form, and the other facts as shown by the exhibits to defendants' plea No. 1.

"That the creditors of said Webb Lumber Company, particularly including the plaintiff, appeared at the creditors' meeting, filed their claims in said proceedings, and the same claims now sued on in this and other suits pending in this court, participated in the selection of a trustee, and did other things which the creditors have a right to do in the proceedings.

"That the bankrupt court duly appointed the trustee to take over the assets of the bankrupt, both real and personal, and that he proceeded to convert the said assets into money by sales in strict accordance with the bankruptcy acts, after he had made the bond required by the court and by law, and had in all things duly qualified as trustee in bankruptcy.

"That the personal property was duly sold to ——; and that the sale was duly reported and confirmed by the court.

"That the real estate was sold to G. B. Countiss and A. Falls, and said sale was duly reported and confirmed by the court and the proceeds of said sale applied to the payment of debts contracted by the Webb Lumber Company as aforesaid, and particularly including the plaintiff in this suit.

"That since the filing of the above suit the check, a copy of which follows marked Exhibit A, was issued in said matter to J. J. Breland, attorney for the plaintiff, in a distribution to the plaintiff of its part of the proceeds then to be distributed by the bankruptcy court, and said sum is offered to be credited by the plaintiff on the amount sued for.

"That the corporation organized as aforesaid did not within thirty days thereafter, make a report to the secretary of state, and that, so far as the records of the

secretary of state show, the said organization was never reported to the secretary of state.

"Witness the signature of the parties hereto by their attorneys, this 8th day of September, 1923."

OPINION.

We are of opinion the trial court reached the proper conclusion.

The Congress of the United States exercised its right reserved in the Constitution, when it established in 1898 an Uniform Act of Bankruptcy throughout the United States. The act (U. S. Comp. St., sections 9585-9656) created courts of bankruptcy, and clothed them with full, adequate, and complete powers. The appellant had the right to appear in the bankruptcy court and to there attack the validity of the adjudication of bankruptcy of the Webb Lumber Company. It had the right to have the adjudication vacated and set aside. It had the right of appeal from the order of adjudication. It took no action to such effect; but now seeks to attack the proceedings of a competent court collaterally. We think that cannot now be done. See *Spilman* v. *Jackson,* 27 Grat. (68 Va.) 33, also *Warriner* v. *Fant,* 114 Miss. 174, 74 So. 822, as to election of remedy.

Black on Bankruptcy (3 Ed.), section 182, p. 425, says:

"And, even if it should be conceded that the question of jurisdiction is always open, still this is not the case where the bankrupt and all of his creditors have participated therein and sought the benefits thereof. There are also some decisions to the effect that an adjudication in bankruptcy may be impeached collaterally for fraud in its procurement, or fraudulent collusion between the debtor and the petitioning creditors. But the better opinion is that these are matters of defense, or perhaps ground for vacating the adjudication in a direct proceeding for that purpose, but not for drawing its validity into question collaterally. Still less can the adjudication be assailed collaterally for mere errors of law or irregu-

larities of practice not sapping the foundation of the court's jurisdiction. These may be grounds for a reversal or modification of the decree on appeal, but are closed by the adjudication itself against inquiry in any other proceeding.''

In discussing the right of creditors to move for vacation of the adjudication, the same author says (page 428) : ''Whoever makes the application must exhibit reasonable promptness and diligence in so doing. He will not be heard if justly chargeable with laches.''

It will be noticed that the trustee of the bankrupt estate issued his check on August 25, 1923, in the sum of one hundred eighty-three dollars and fifty-nine cents, payable to appellant's counsel, representing appellant's pro rata of the distribution of the assets by the bankruptcy court.

Suit was filed in the circuit court of Tallahatchie county to the September term, 1923, but before the said sum was received by appellant. The adjudication of bankruptcy was made on March 23, 1922.

Collier on Bankruptcy (12 Ed.), p. 481, says: ''An application to vacate the adjudication is unusual, but in given circumstances proper. The practice is not prescribed, but may be on petition or written notice, and such notice as the court may order. The application must be made to the court that granted the order. Creditors who would assail the adjudication should act with reasonable promptness after they receive notice of the proceeding and of the reasons of their objections.''

In discussing motions to vacate an adjudication upon a voluntary petition, the same author says, on page 485;

''While creditors may contest any petition in involuntary bankruptcy, no provision is made by the bankruptcy act for contesting a petition in voluntary bankruptcy. The proper method of attack is by petition or motion to set aside the adjudication.''

*Gratiot County State Bank* v. *Johnson*, 249 U. S. 246, 39 Sup. Ct. 263, 63 L. Ed. 587, held: "The adjudication is, for the purpose of administering the debtor's property, that is, in its legislative effect, conclusive upon all the world. . . . So far as it declares the status of the debtor, even strangers to the decree may not attack it collaterally. . . . But an adjudication in bankruptcy, like other judgments *in rem,* is not *res judicata* as to the facts or as to the subsidiary questions of law on which it is based, except as between parties to the proceeding or privies thereto"—citing cases.

Appellant was a party to the bankruptcy proceeding, and participated therein.

*The judgment is affirmed.*