**DOYLE DRY GOODS CO. v. BRITT et al.**

No. 15256—Opinion Filed March 31, 1925.

Rehearing Denied May 5, 1925.

**1. Partnership—Creditor Dealing with Corporation — Stockholders Not Liable as Partners.**

A creditor, who has dealt with a corporation in its corporate name and capacity and given credit to it and not to its stockholders, cannot, in the absence of fraud, charge them as partners with the debts of the corporation.

**2. Bankruptcy — Effect of Filing Claim Against Bankrupt Corporation— Estoppel to Urge Partnership Liability.**

By filing proof of its claim against a bankrupt corporation and receiving and accepting dividends on account thereof, a creditor is estopped from asserting its claim, in an action subsequently brought on the same indebtedness, against certain of the stockholders, with whom it claims it contracted as a partnership.

**3. Same—Allowance of Claim as Adjudication.**

The presentation and allowance of the account as a debt of the corporation was an adjudication by a court of competent jurisdiction, done at the instance and procurement of the creditor, fixing the corporation's liability.

**4. Same—Estoppel of Creditor.**

Even though the creditor, before filing its claim, was entitled to proceed against certain of the stockholders as partners, it having elected to file its claim against the bankrupt corporation, and participated in the corporate dividends declared, with knowledge of the facts, cannot subsequently be heard to say that the indebtedness was not in fact a debt of the corporation, but of the partners instead. .

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Doyle Dry Goods Company, a corporation, against W. O. Britt and A. E. Britt, doing business under the name of Britt-Sheffield Company, for recovery of a money judgment on open account and promissory note. Judgment for defendants, and plaintiff brings error. Affirmed.

A. C. Markley, for plaintiff in error.

George M. Porter and John L. Fuller, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Pittsburg county. Okla., by the Doyle Dry Goods Company, a corporation, plaintiff in error, plaintiff below, against W. O. Britt and A. E. Britt, doing business under the name of Britt-Sheffield Company, defendants in error, defendants below, for recovery of a money judgment on an open account, and upon a promissory note in the aggregate sum of $831.30 with interest. Parties will be referred to as plaintiff and defendants as they appeared in the lower court.

The original petition and the supplemental petition of plaintiff allege that the indebtedness was incurred by the defendants for merchandise, sold and delivered to the defendants, who were doing business as the Britt-Sheffield Company, at Crowder. Okla., $104.47 on an open account and $726.35, balance due on a promissory note made, executed and delivered by the defendants to the plaintiff. A verified account and a copy of the note were attached to the petition.

The defendants answered by way of general denial, and for further answer

specially denied that they were engaged in the retail mercantile business at Crowder, Okla., under the name of Britt-Sheffield Company, or that they purchased the goods and merchandise, described in plaintiff's petition; that, on the dates set out in plaintiff's petition, they allege they owned stock in the Britt-Sheffield Company, a corporation, organized and existing, under and by virtue of the laws of the state of Oklahoma, and engaged in the mercantile business at Crowder, Okla., and that said corporation purchased the goods and merchandise set out in plaintiff's petition; that the plaintiff well knew that said Britt-Sheffield Company was a corporation and had sold it goods and traded with it as such for a long period of time, which terminated with the sale of the goods sued for; that all claims, shown by the verified statement of account, attached to plaintiff's petition, were paid by the Britt-Sheffield Company and accepted by plaintiff as credits paid by said corporation; that, on the 17th day of January, 1922, the Britt-Sheffield Company, a corporation, was adjudged a bankrupt by the United States Court for the Eastern District of Oklahoma; that the referee in bankruptcy, under the Bankruptcy Act, gave notice to creditors of said corporation, which included this plaintiff, to file proof of debt and power of attorney with the United States Court for allowances and participation in a dividend; that plaintiff filed, under oath, a statement of the account sued upon herein, which was allowed by the court and a dividend paid to and accepted by the plaintiff out of the assets of said bankrupt estate, and that plaintiff was, therefore, estopped from claiming the indebtedness sued upon herein, either from the Britt-Sheffield Company, a corporation, or these defendants.

The plaintiff replied by way of general denial, and alleged specially that Britt-Sheffield Company had no charter or authority to do business as a corporation, at the times referred to in plaintiff's petition and defendant's answer; that it was forbidden to do business in the state of Oklahoma at all, after June 30, 1914, by reason of its failing and neglecting to make reports and secure any license to do business, as authorized by the statute law of the state of Oklahoma; that its charter had been forfeited and canceled by the state of Oklahoma on and after October 1, 1914; that the Corporation Commission of the state of Oklahoma published notice for cancellation, and had proof of the publication, duly filed in its office in July, 1920, showing that said corporation was determined to be

defunct, inoperative and incompetent to transact business, and that the Secretary of State of Oklahoma did, on the 8th day of August, 1921, make and execute proper notation in red ink opposite the name of such corporation in the corporate index books of his office, indicating that said corporation was defunct and inoperative, and that defendants' claims and acts, as a corporation, are a sham and subterfuge and are false, fraudulent and void.

Upon these issues the cause was tried to the court without the intervention of a jury, the jury being specially waived, and resulted in a judgment in favor of the defendants and against the plaintiff, that plaintiff take nothing by its action and that defendants recover their costs, expended by them in the action.

Motion for new trial was filed and overruled; exception reserved by the plaintiff and the cause comes regularly on appeal to this court from said judgment.

There are numerous assignments of error, but there are but three questions presented and argued in the briefs of counsel, which are as follows:

"(1) Did the Britt-Sheffield Company, as a corporation, become defunct and inoperative by reason of not making any annual report and not paying any license fee after July, 1913?

"(2) Did the directors, W. O. Britt and A. E. Britt, who continued said business after October 1, 1914, become by operation of law the trustees of said defunct corporation and liable for the debts incurred many years later?

"(3) And did this creditor, by proving its claim and receiving a dividend from said trust fund estate, administered in the bankrupt court at the instance of defendants, waive the collection of the remaining balance due from them, the original, primary debtors, the trustees of the defunct corporation?"

The record discloses that the Britt-Sheffield Company was regularly organized and a certificate of incorporation was issued by the Secretary of State of Oklahoma, on the 16th day of January, 1911, with W. O. Britt and Ethel A. Britt, the two defendants here, and A. W. Sheffield and Ila Sheffield, as incorporators and stockholders, with its principal place of business at Crowder, Okla.; that it made its annual statement and paid its corporation license tax to the Corporation Commission up to and including the year 1913, and that, thereafter, it made no further statement and paid no further corporation license tax; that it contin-

ued in business, and during the months of June and July, 1920, the Corporation Commission advertised the Britt-Sheffield Company's charter for cancellation; that on August 8 1921, the company's charter was stamped "Canceled," on the records of the Corporation Commission and notice was transmitted to the office of the Secretary of State, together with proof of publication of notice, and no default license fee or penalties were paid or tendered by the corporation after June 30, 1914; that, from and after August 8, 1921, the corporation record index, in the office of Secretary of State, has borne the words, "Cancelled August 8, 1921, Secretary of State," opposite the name of this corporation in red ink, as required by law. On the 16th day of January, 1922, the corporation filed its petition in bankruptcy in the United States Court for the Eastern District of Oklahoma, and on the 17th day of January, 1922, the Honorable R. L. Williams, judge of said court in bankruptcy, adjudged said corporation to be a bankrupt and referred the same to the referee in bankruptcy of his court. Notice was duly issued for the first meeting of the creditors, and on the 21st day of April, the plaintiff in this case prepared its verified claim against the said bankrupt for the sum of $1,071.18, which included the items sued on in this action, filed the same in said court on the 4th day of May, 1922, said claim was allowed on May 4, 1922, and on the 19th day of October, 1922, a check for the sum of $132.13 was sent by the trustee in bankruptcy to plaintiff in payment of its proportionate share of the bankrupt estate of a final dividend, declared in favor of the creditors for 12.32 per cent., which check was cashed by plaintiff and the money received by it in satisfaction of said claim in bankruptcy and was credited by plaintiff on the indebtedness.

The evidence shows that the plaintiff in this case sold goods to the corporation as the Britt-Sheffield Company and gave credits for amounts sent to plaintiff on checks signed by the company. The note sued on, a copy of which was attached to the petition, shows that it was signed by the Britt-Sheffield Company, by W. O. Britt, secretary, and dated May 27, 1921. The items of account, upon which judgment is sought in this case, were purchased prior to the 8th day of August, 1921, the date the corporation was officially declared defunct, and all transactions after that date were cash transactions and paid by the Britt-Sheffield Company in cash upon delivery of the goods, which were sent under shipper's orders. On February 17, 1921, the plaintiff required

Britt-Sheffield Company to furnish it a statement of its financial condition, which was made upon a blank form, with a space under the following head: "Full Names of Partners," under which appear, "W. O. Britt, E. A. Britt, Incorporated"; that, on the 13th day of December, 1921, the plaintiff in this case brought an action in the district court of Pittsburg county, Okla., against Britt-Sheffield Company, a corporation, upon the identical note sued on in this case, in which petition it was alleged that defendant was a corporation, duly organized under the laws of the state of Oklahoma, and a summons was issued on the 22nd day of December, 1921, and served upon W. O. Britt, president of Britt-Sheffield Company, by William S. Sanders, then sheriff of said county, by Ulos Pollan, deputy, which action was dismissed without prejudice, on the 19th day of January, 1921, after the Britt-Sheffield Company had been declared a bankrupt by order of the United States Court for the Eastern District of Oklahoma.

Under the state of the record in this case, while there are three questions presented by counsel in their elaborate and able briefs, it is the opinion of the court that it is only necessary to pass upon the last proposition, which we regard as the controlling and decisive question in the case. The question as to whether the failure to make an annual statement and pay the license fees, under the statute law of this state, is self-executing and works a forfeiture without further act by the Corporation Commission and Secretary of State, is not, in the light of the decision of this court, the vital question here, nor is the question as to whether the directors, who continued business after the expiration of one year from the last statement and payment of license fees, became trustees of the defunct corporation and liable for the debts incurred, decisive of the question here. The question as to whether the plaintiff creditor, by electing to prove its claim and receive a final dividend paid by the trustee from the bankrupt estate, administered in the bankrupt court at the instance of the defendants, did not waive the collection of the balance due from the defendants, is the controlling and vital question in this case.

The plaintiff here unquestionably dealt with the defendants as a corporation, sold the goods to them as a corporation, received payments and gave credits to them as a corporation, took a statement from them as to their financial condition as a corporation, filed an action on the note sued on here in

the district court of Pittsburg county against them as a corporation, filed its claim in the United States Court for the Eastern District of Oklahoma in bankruptcy against them as a corporation, claiming that the bankrupt corporation owed it for the very items sued upon in this action in said court and its claim was allowed by the bankruptcy court as a debt due from the corporation to plaintiff, and the plaintiff participated in and received its pro rata share of the final dividend of the bankrupt estate through the trustee in bankruptcy, and credited the same on the indebtedness, and this court has said, under such circumstances, in the case of Swofford Bros. Dry Goods Co. v. Owen et al., 37 Okla. 616, 133 Pac. 193, in a very exhaustive opinion, that:

"A creditor who has dealt with a corporation de facto in its corporate name and capacity, and given credit to it and not to its stockholders, cannot, in the absence of fraud, charge them as partners with the debts of the corporation.

"By filing proof of its claim against a bankrupt corporation, and receiving and accepting dividends on account thereof, a creditor is estopped from asserting its claim, in an action subsequently brought on the same indebtedness, against certain of the stockholders, with whom it claims it contracted as a partnership.

"The presentation and allowance of the account as a debt of the corporation was an adjudication by a court of competent jurisdiction, done at the instance and procurement of the creditor, fixing the corporation's liability.

"Even though the creditor, before filing its claim, was entitled to proceed against certain of the stockholders as partners, it having elected to file its claim against the bankrupt corporation, and participated in the corporate dividends declared, with knowledge of the facts, cannot subsequently be heard to say that the indebtedness was not in fact a debt of the corporation, but of the partners instead."

The Supreme Court of Mississippi, in the case of Natalbany Lumber Co. v. Countiss et al., 99 South. 262, 3 Am. Bankruptcy Reports 263 (N. S.), said:

"A creditor who was a party to bankruptcy proceedings instituted by debtor's voluntary petition, and who participated therein, and did not attack the validity of the adjudication of bankruptcy by motion to have adjudication set aside or by appeal from order of adjudication, could not attack the proceedings collaterally in action to recover the debt in a state court.

"Where voluntary petitioner in bankruptcy petitioned as a corporation, the bankruptcy adjudication precluded a creditor who

participated in the proceedings from denying petitioner's corporate capacity on the ground that it had failed to report its organization to the Secretary of State of Mississippi. Under Code, Miss. 1906, sec. 930 and hence such creditor was precluded from suing incorporators as partners."

These two cases, the one from Oklahoma and the other from Mississippi, decide the very point in controversy here, and that is, that even if the plaintiff company in this action had the right to elect its remedy and contest the voluntary bankruptcy proceeding, instituted by the defendants as a corporation, and proceed to collect its debt by other proceedings, when the plaintiff filed its claim in the bankruptcy court, dismissed its action in the district court of Pittsburg county, and secured an adjudication in the bankruptcy court, and the bankrupt corporation owed the very debts sued upon herein and proceeded to collect its pro rata share of the final dividend declared in the bankruptcy proceedings, it, thereby, precluded itself from denying the petitioner's corporate capacity on the ground it had failed to make its annual report to the Corporation Commission and pay its license fees, and is precluded as a creditor from suing the members of the corporation as partners.

As was said by this court in the Oklahoma case above cited:

"Having made an election between two courses, with knowledge of the facts, it waived the one not chosen. The positions assumed by it are irreconcilable."

It necessarily follows that, if the corporation were liable, as was judicially determined by the bankruptcy court, the stockholders could not be liable here, as partners, for balance on the same obligations.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.