HATLEY MFG. CO. *v.* SMITH.

(Division A.    Oct. 7, 1929.)

[123 So. 287.   No. 27882.]

*Smith & Millsaps,* of Cleveland, *L. C. Hallam,* of **Jackson,** and *J. C. Roberts,* of Cleveland, for appellant.

848

*Shands, Elmore & Causey*, of Cleveland, for appellee.

McGowen, J., delivered the opinion of the court.

On October 15, 1927, the Hatley Manufacturing Company, the appellant, filed its declaration in the circuit court of Bolivar county, asking to recover from C. R. Smith Company and Mrs. Mamie W. Smith the amount of an itemized open account, the total of which was nine hundred eighty-four dollars and fifty cents and interest. In due time both defendants appeared and pleaded the general issue. Mrs. Mamie W. Smith filed a notice, under the general issue, that she would undertake to prove that the goods sued for were sold to the C. R. Smith Company, and not to Mamie W. Smith; that she paid the C. R. Smith Company for said goods, and that they were resold to her by the said C. R. Smith Company. She filed a further notice that the C. R. Smith Company had been placed in the hands of a receiver before the filing of the suit, and that the effects of the corporation were,

at the time the suit was filed, in the custody of the chancery court of Bolivar county; that the Hatley Manufacturing Company was a party to said suit and had decreed this claim as owing to it by the C. R. Smith Company; that dividends amounting to three hundred forty-nine dollars and eighty-eight cents had been made on the claim by the receiver to the appellant under direction of the chancery court; that the appellant accepted said sums; and that there was never joint liability of said Mamie W. Smith and C. R. Smith Company to appellant. The C. R. Smith Company pleaded a misjoinder, and also set up a pending receivership.

When the case came on for trial at the November, 1928, term, it appears that the court permitted an amendment of the declaration by dismissing the suit as to C. R. Smith Company, and amending the declaration, so as to sue for six hundred eighty-eight dollars and two cents, and alleging that appellant was entitled to a judgment against Mrs. Mamie W. Smith for said amount. This was done by erasures and interlineations, although the final judgment of the court shows that the court permitted the declaration to be amended, and that a nonsuit was taken as to C. R. Smith Company. After all the proof was taken, the court below granted the appellee, Mrs. Mamie W. Smith, a peremptory instruction, and the Hatley Manufacturing Company prosecutes its appeal here, assigning the giving of the peremptory instruction as error.

Hatley Manufacturing Company, of Memphis, Tenn., dealt in awnings. C. R. Smith Company was a mercantile corporation doing business at Cleveland, Miss., C. R. Smith was president of the C. R. Smith Company and its active manager and agent. He was husband of the appellee, and both he and C. R. Smith Company acted as the agent of Mrs. Smith in the collection of rentals on her property, and in repair of same. Both Mrs. Smith and the C. R. Smith Company owned business houses in

the city of Cleveland. At the time of this transaction the C. R. Smith Company owed Mrs. Mamie W. Smith a large amount, part of which is evidenced by notes in a substantial sum, several thousand dollars is shown on the books of the C. R. Smith Company as being collections made by the C. R. Smith Company for Mrs. Mamie W. Smith.

On September 16, 1926, Hatley Manufacturing Company sold awnings to the amount of four hundred eighteen dollars to C. R. Smith Company, and on November 4, 1926, sold to the same company five hundred sixty-six dollars and fifty cents worth of awning. It appears from the evidence in the case that the C. R. Smith Company owned three store buildings and that Mrs. Mamie W. Smith owned five store buildings, and that the total sale price of the awnings placed upon the buildings owned by the appellee, Mrs. Smith, amounted to seven hundred thirty-three dollars and seventy cents, and the total value of the awnings placed upon the buildings owned by the C. R. Smith Company amounted to two hundred fifty dollars and eighty cents. The awnings were delivered and put up on the buildings by the appellant, invoice being rendered. The C. R. Smith Company charged the proper amount to Mrs. Mamie W. Smith and credited the Hatley Manufacturing Company; likewise it charged the proper amount to itself and entered a like credit to the Hatley Manufacturing Company. At the time of the sale of the awnings Hatley did not know that they were to be placed upon buildings owned by Mrs. Mamie W. Smith, or that C. R. Smith was the general agent in transacting business for Mrs. Mamie W. Smith.

On April 23, 1927, on petition of creditors filed in the chancery court, a receiver was appointed for the C. R. Smith Company, and the estate of the C. R. Smith Company was administered by the receiver under directions of the court. Claims presented and claims admitted to be due by the C. R. Smith Company were adjudicated to

be proper claims against the estate and entitled to share *pro rata* therein. Among other claims was the claim of the Hatley Manufacturing Company for the amount of the invoice sued for herein. This adjudication was made final, except as to such creditors as might, on or before a date fixed in the decree, appear before the court and file their exceptions to the action of the court in allowing the claims, and process was ordered by publication for all the nonresident creditors. Subsequently the chancery court, by decree, decreed that all the creditors were before the court, and by due and legal process again made final the judgment allowing the claims of various creditors, and in particular the claim of Hatley Manufacturing Company, and directing that dividends be paid to them *pro rata.*

Before this adjudication the record showed that the C. R. Smith Company admitted that Hatley Manufacturing Company was its creditor and stated the proper amount. The Hatley Manufacturing Company did not file any claim in court, nor did it file any exception as to its being adjudicated a creditor of the C. R. Smith Company. It is shown in the evidence that some time in 1928 Mr. Hatley was making inquiries for his company relative to dividends, and then a letter written by the receiver, as agent, informed him for the first time that Mrs. Mamie W. Smith was an undisclosed principal, and suggested that he collect his money from Mrs. Mamie W. Smith.

On November 10, 1927, the receiver paid a twenty-five per cent. dividend to creditors, and paid to the Hatley Manufacturing Company two hundred forty-six dollars and twelve cents. On June 30, 1928, a dividend of about eleven per cent. was paid to Hatley Manufacturing Company, which amounted to one hundred three dollars and seventy-six cents, making a total of three hundred forty-nine dollars and eighty-eight cents paid to that company. The C. R. Smith Company having charged the awnings

to Mrs. Mamie W. Smith, the amount of her claim, as allowed by the chancery court in the receivership proceedings, was reduced to that extent.

We think the court below was not in error in granting the appellee, Mrs. Mamie W. Smith, a peremptory instruction in this case. In the state of this record, Mrs. Mamie W. Smith was an undisclosed principal, and the Hatley Manufacturing Company had a right to hold either the principal or the agent for the amount of his debt. However this was one debt and one contract, and could not be the debt of both, and the appellant having permitted the full amount of his claim to be adjudicated by a final decree in the chancery court to be a debt of the C. R. Smith Company, and then, having received the dividends paid by the receiver of the estate of the C. R. Smith Company before the trial of this case, he elected to hold the agent, and permitted the final judgment to be entered adjudicating him to be a creditor without objection, and received the fruits thereof, and continued to receive in excess of what he now says the C. R. Smith Company really owed him.

Appellant argues on this appeal that the receivership proceedings were not competent, because there was no proper publication of process for him as a creditor, and that therefore, the decree rendered in his favor was void, being a proceeding *in rem* and not having personally appeared in the court, and that he is not bound thereby. The chancery court is a court of general jurisdiction, having jurisdiction to administer insolvent estates and to appoint receivers, adjudicate who are the creditors and the amount due them, and generally to wind up the estate of an insolvent person or corporation. This receivership proceeding, and the decree rendered in a court having general jurisdiction, and the receiver having been finally discharged, the judgments and decrees of the court may not be attacked collaterally. See *Natalbany Lumber Co.*

v. *Countiss,* 134 Miss. 511, 99 So. 262. Also see *Federal Reserve Bank* v. *Wall,* 138 Miss. 204, 103 So. 5, 6. In the latter case the judgment recited that personal service of process had been had upon the defendant when the process itself did not show any service at all upon the defendant. A claimant's issue was involved, and the claimant objected to the introduction of the judgment, on the ground that there had been no personal service of process upon the defendant. The lower court sustained the objection to the judgment and excluded it, and this court, in reversing the judgment, said:

"The attack here made on the judgment in the attachment issue is a collateral one, and in such an attack all jurisdictional facts necessary to support the judgment in the absence of evidence to the contrary 'are conclusively presumed to have existed, whether there are recitals in the record to show them or not.' *Cotton* v. *Harlan,* 124 Miss. 696, 87 So. 152. Moreover, the judgment expressly adjudicates that it appeared to the court, which rendered it, that the defendant had been personally served with process, and that adjudication is conclusive in a collateral attack; for, in such an attack, whether the court had the proper evidence before it on which to base an adjudication that the defendant had been served with process cannot be inquired into. *Cocks* v. *Simmons,* 57 Miss. 183. The judgment should have been admitted in evidence."

Further, when the receivership proceedings were offered in their entirety, the appellant made no objection then as now urged in this court, but satisfied himself with a general objection that the testimony was irrelevant and incompetent. It is quite clear that in this case, if the objection had been on the ground that the receivership proceedings were illegal and had not been properly pleaded the court would have permitted the proceedings to have been put in shape, or if it had

been on the ground that the process was defective that might have been obviated. At any rate, the general objection cannot avail to permit the attack upon its competency for a specific reason first raised in this court. The evidence was competent to show that the appellant had appeared in another court and prosecuted his case to a judgment and received the fruits of that judgment so long as it bore fruit. See *Bessler Movable Stairway Co.* v. *Bank of Leakesville,* 140 Miss. 537, 106 So. 445, and the authorities there cited.

The only other question presented is: Did the plaintiff elect, by permitting the chancery court to treat it as a' creditor of C. R. Smith Company and receiving the dividends therefrom, to proceed against the agent, C. R. Smith Company? We answer the question affirmatively. Counsel for appellant cites the case of *Simmons Hardware Co.* v. *Todd,* 79 Miss. 163, 29 So. 851, as authority for his position that the proceedings and action of the appellant in the receivership made in the chancery court were not an election of a remedy, and not an election by him to go against the agent. It is undisputed that at the time he received the dividends he knew all the facts with reference to the undisclosed principal, and knew that by a letter from the receiver himself. The Simmons case is not authority for appellant. Dr. Todd purchased some goods from the traveling salesman of the Simmons Hardware Company. The goods were selected by Ben Todd, and on Ben Todd's suggestion were charged to Carson & Co., because Simmons Hardware Company could not sell except to a dealer. Carson & Co., had nothing to do with the transaction, and when sued by Simmons Hardware Company successfully defended the suit on that ground. Thereafter Simmons Hardware Company undertook to sue Dr. Todd on the same cause of action, and the circuit court gave peremptory instruction for the defendant, on the theory that Simmons Hardware Company had elected to proceed against Carson & Co. This court

held that this was error, and in effect said that Carson & Co., were neither principal, nor agent, nor a proper party to the transaction, and the effort of the Simmons Hardware Company to hold Carson had no effect upon the primary obligation of Dr. Todd to pay his own debt.

In the case of *Murphy* v. *William Nelson Hutchinson,* 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 785, 17 Ann. Cas. 611, this court held that a creditor who has, at his election, a right of action against either a principal or an agent, and who with full knowledge of the facts sues either and prosecutes his suit to final judgment, cannot thereafter sue the other and recover, although he were unsuccessful in the first suit. The authorities are there collated, and Judge Fletcher, as the organ of the court, reached this conclusion after a very careful considera-tion of the case.

There was a proceeding to judgment in favor of the appellant against the agent, C. R. Smith Company, for the full amount of his claim. He collected three hundred forty-three dollars, to which he was not entitled, if he had a right to hold Mrs. Mamie W. Smith for the awn-ings which were upon her buildings. Appellant thereby, whether intentionally or not, played with the chancery court by collecting all the money he could from the estate of C. R. Smith Company, on the theory that the entire debt was claimed by him against C. R. Smith Company, and then, when no more dividends could be collected, dis-missed his suit and proceeded against the undisclosed principal, rendered such, he contends, by his want of knowledge at the time the contract was made. This case is stronger than the case of *Murphy* v. *Hutchinson,* in that the judgment here rendered by the chancery court against the agent, C. R. Smith Company, was favorable to the appellant, and by receiving dividends thereon he took money which should have gone to all the other cred-itors of C. R. Smith Company. He was bound by his elec-

tion; he had opportunity to go into the chancery court and repudiate any claim against the agent; under a well-established rule he could have held either. When he accepted the dividends, he ratified the judgment, which he had already suffered to go in his favor.

The position that C. R. Smith Company owed the entire debt is entirely inconsistent with the theory that Mrs. Mamie W. Smith owed the entire debt, and the remedy availed of by him in going into the receivership court, or permitting the receivership court to render judgment for him, was an inconsistent remedy from that which he now seeks. He allowed the chancery court to render the decrees, and collected the dividends therefrom. He had a choice of two remedies; he is bound by his election. See 20 C. J. 20. Also see *Warriner* v. *Fant,* 114 Miss. 174, 74 So. 822; *Rives* v. *McNeil,* 127 Miss. 839, 90 So. 595.

The lower court so held.

*Affirmed.*