POSTAL FINANCE COMPANY OF SIOUX CITY, IOWA *v.* HOUZE

No. 42608          April 15, 1962          151 So. 2d 820

*Henry S. Woodall,* Meridian, for appellant.

*Williamson, Pigford & Hendricks,* Meridian, for appellee.

McGᴇʜᴇᴇ, C. J.

The opinion rendered by this Court in the above-styled and numbered cause was filed on March 4, 1963, showing that the case was affirmed. The case had been appealed from the County Court of Lauderdale County to the Circuit Court thereof and was affirmed by the circuit judge on the record from the county court. In the county court, the record, as made up for the appeal from that court to the circuit court, contained a deposition of L. A. Bridges of Sioux City, Iowa, and this was the only proof contained in the record in the county court.

Postal Finance Company filed suit in the county court on a note for $300. Appellee filed an answer to said suit incorporating a discharge in bankruptcy as a defense. Appellee also filed a plea in bar based upon such discharge in bankruptcy. Appellant filed a motion to strike the plea in bar on the ground that such pleas had been abolished by our statute.

Appellant also filed in response to the answer setting up the discharge in bankruptcy a written statement of special matter in avoidance of the discharge in bankruptcy in which statement it was alleged that the debt had been contracted by reason of false and fraudulent misrepresentations and the debt, therefore, was not discharged in bankruptcy.

The matter came on for hearing on the motion to strike the plea. All that was involved at this hearing was the legal sufficiency of the plea. The lower court overruled the motion to strike, and in addition thereto sustained the plea, being of the opinion that the case was controlled by Natalbany Lumber Company v. Countiss, 134 Miss. 511, 99 So. 262.

There was never any hearing on the merits of the appellant's statement of special matter.

We do not think the Natalbany Lumber Company case is applicable because there it was shown that the creditor had actually participated in the bankruptcy proceedings and had collected a dividend. If such were true in the instant case, it would be a matter of proof on a hearing on the merits.

In the previous consideration of this case, neither the writer of that opinion nor the Justice who checked the record observed that the deposition of Elliott Bridges had not been introduced in evidence although it was in the record, and naturally assumed since it was in the record that there had been a hearing on the merits.

(Hn 1) It is now conceded that there was never any hearing on the merits of the appellant's written statement of special matter in avoidance of the discharge in bankruptcy. It is, therefore, necessary that we sustain the suggestion of error and remand the case for a hearing on its merits.

(Hn 2) Appellee has filed in this cause a motion to strike fifty-five pages of Volume II of the record sent to this Court, being practically all of the second volume.

The said fifty-five pages constitute a copy of the brief presented to the circuit court on the hearing there. Such should not have been copied in the record and constitutes no part of the appeal record. We are of the opinion that the motion to strike same should be sustained and there should be eliminated from the cost bill the charge for the copying of this brief.

This case illustrates the importance of attorneys checking the records before they are sent to this Court. The copying of the deposition which had not been introduced in evidence resulted in confusion here and in the necessity of withdrawing the former opinion affirming the case and reversing and remanding same for a hearing on the merits of appellant's written statement of matter in avoidance.

The former opinion filed herein on March 4, 1963, is withdrawn. The motion to strike part of the record is sustained. The suggestion of error is sustained, and the cause is hereby reversed and remanded.

Suggestion of Error sustained; motion to strike part of record sustained; former opinion withdrawn; case reversed and remanded.

*Arrington, McElroy, Rodgers and Jones, JJ.,* concur.